## GUILD *vs.* GUILD ET ALS.

1. Before the equitable estate of the wife is reduced to possession by her husband, a Court of Chancery will, he being insolvent, entertain jurisdiction of a bill filed by her for a settlement.

2. The decrees of a Court of Chancery acting *in personam,* not *in rem,* if the husband is within the jurisdiction, it is no objection to the exercise of its powers as to him, that the equitable estate of the wife, out of which she seeks a settlement, is within a foreign jurisdiction.

Error to the Chancery Court of Monroe. Tried before the Hon. A. Crenshaw, Chancellor.

THE facts appear in the opinion of the court.

SEWALL, for plaintiff in error:

1. The Court of Chancery has jurisdiction to make a settlement in favor of a married woman out of her own property, whether at her suit or at the suit of her husband, or his assignees or creditors. 2 Story's Eq. § 1404, § 1408; Lady Elibank v. Montolien, 5 Ves. 743; 1 Danl. Ch. Pr. 149, 150; Griffith v. Hood, 2 Ves. 452; Haviland v. Myers, 6 Johns. Ch. 27; Haviland v. Blow, do. 180; and it is of no consequence whether the fortune accrues before, or during the marriage; whether the property consists of funds in the possession of trustees or of third persons, or whether it is in possession of the court, or under its jurisdiction or not. 2 Story's Equity, § 1408.

2. That the property is not within the jurisdiction, constitutes no bar to a proceeding in this case, for in all suits in equity, the primary decree is in *personam*, and not in *rem*. 2 Story's Eq. § 743, 744, § 899; Story's Eq. Pl. § 489; Massie v. Watts, 6 Cranch, 157; Earl of Derby v. Duke of Athol, 1 Ves. sen. 202–203; Alglane v. Muschamp, 1 Vernon, 75, 135; Earl of Kildare v. S. M. Eustice, 1 Vern. 419; Toller v. Carteret, 2 Vern. 495; Mead v. Merritt, 2 Paige, 404, 405; Mitchell v. Bunch, do. 606.

3. The necessary parties have been made—the husband has answered, and a decree *pro confesso*, has been rendered against the administrators. See Acts of 1846, p. 23 § 1, 2.

4. If the bill was defective in any respect, and could have been made good by amendment, it should not have been dismissed, but leave given to amend.

No counsel for defendant.

CHILTON, J.—The plaintiff in error filed her bill in the Chancery Court of Monroe county, against her husband, Joseph Q. Guild, and William A. Lash and John Bonner, who she charges are the administrators of her deceased uncle, William Boyles, late of North Carolina. The bill charges, that

the complainant and said Joseph Q. Guild, intermarried in 1828, and reside in Monroe county in this State. That in 1844, she inherited from her deceased uncle, the said Boyles, property consisting of land and slaves, as well as choses in action, amounting in value to about five thousand dollars, the most of which property has never been reduced to possession by her husband: that he has possessed himself of a number of the slaves, the most of which have been sold for his debts under executions against him. That the property which he has not reduced into his possession, consists in lands, monies and *choses* in action. That Bonner and Lash are sole administrators of the said Boyles, and reside in Stokes county, in the State of North Carolina. The complainant further states that her husband is an improvident man, and in failing circumstances, if not wholly insolvent, and that probably the remainder of the estate which is coming to her will shortly be appropriated to the payment of her husband's debts, and thereby be utterly lost to her, and she left pennyless, and without any means of support. The bill prays that the property so coming to her may be vested in a trustee for her sole and separate use.

The husband answered and admitted the allegations of the bill, and a decree *pro confesso* was entered against Lash and Bonner, the administrators of Boyles. The chancellor at the May term 1847, dismissed the bill for want of jurisdiction, and that decree is assigned in this court as error.

It appears in this case, that the wife is without any provision made by the husband for her maintenance, and the question is, whether she can file a bill against her husband and those holding property which descends to her, but which the husband has not reduced to possession, so as to have a settlement or provision decreed to her out of it.

A similar question came before the English court of chancery in the case of Lady Elibank v. Montolien, 5 Ves. 737–743, which was a bill by the wife against her husband, and the administrator of an intestate, (to a share in whose personal estate she was entitled as one of the next of kin) for a provision out of her share, to be set apart for her, and it was refered to the master, to see that a proper settlement was made upon the plaintiff and her children. So also an injunction has

been granted on the application of the wife against the husband, restraining him from assigning her interest in the funds, and to compel him to make a settlement upon her. Ellis v. Ellis, 1 Vin. Sup. 476; Clancy's Mar. Women, 464; Beresford v. Hobson, 1 Mad. 363.

Judge Story speaks of the wife's right to relief, as plaintiff against her husband, or his assignees, in respect to her equitable interests, as an admitted equity, which the court enforces to prevent an irreparable injustice. 2 Story's Eq. Jurisp. § 1404: and he holds that the doctrine is firmly established, that whenever the wife is entitled to this equity for a settlement out of her equitable interest against her husband, or his assigns, she may assert it in a suit, as plaintiff, by bringing a bill in the name of her next friend, (ib. § 1414.) See also note 1, 867, vol. 2, 4th edition, where the cases are collated; 5 Johns. Ch. Rep. 446; Van Duzer v. Van Duzer, 6 Paige, 366. From these authorities we think it very clear, that the wife's right to her bill is indisputable in the present case, and that the chancellor erred in dismissing it for want of jurisdiction, unless he was authorised to do so upon the ground, that the estate out of which she sought the provision was without the jurisdiction of the court. We will therefore, briefly consider this, which is the remaining proposition.

In Toller v. Carteret, 2 Ver. 494, the bill was that the defendant might redeem a mortgage, executed by Sir Philip Carteret, on the Island of Sarke, or be foreclosed. The defendant pleaded to the jurisdiction of the court, that the Island was part of the Dutchy of Normandy, and had laws of its own, and was under the jurisdiction of the courts of Guernsey. The Lord Keeper, (Sir Nathan Wright) overruled the plea, observing that as the defendant was served with process, the court had jurisdiction upon the maxim, "*œquitas agit in-personam.*" In Penn v. Lord Baltimore, 1 Ves. 440, it was held, that the Court of Chancery in England, having jurisdiction of the parties, could decree the specific execution of a contract entered into in respect to the boundaries of Pennsylvania and Maryland. 1 Story's Eq. Jurisp. § 473, 899; 1 Ver. 77. Indeed, it is well settled, that the Court of Chancery has jurisdiction to decree the specific execution of contracts in respect to the sale of lands, or incorporeal heredi-

taments savouring of the realty in another State, where the court has jurisdiction of the person of the defendants. 1 Story's Eq. 58, note 2 4th ed.; 6 Cran. 148; Sutphen v. Fowler, 9 Paige, 280–282. The decrees of a Court of Equity, being *in personam*, and not *in rem*, it is no valid objection to the jurisdiction, that the decree cannot be enforced *in rem*.

In the case at bar, the husband being within the jurisdiction, and served with process, it was competent for the chancellor to compel him to do what was equitable and just in respect to the property of the wife, and to have restrained him in the exercise of his marital rights over the property, unless he would make a suitable provision for her; so that as to him, the court had jurisdiction, and the bill was improperly dismissed. But as to the administrators of Boyles, the decedent, they being without the jurisdiction of the court, and in possession of the subject matter of the suit, it is very clear, that the court had no jurisdiction as to them. The bill was therefore very properly dismissed so far as they were concerned, and the decree as to them must be affirmed; but as to the husband, Joseph Q. Guild, it must be reversed and remanded, that the chancellor may proceed to make a suitable provision for the wife's maintenance, vesting so much of the property in a trustee, for her benefit, as under the circumstances, shall be deemed adequate to her support.

Let Joseph Q. Guild, the husband, pay the cost of this court.