[Allen v. Buchanan.]

# Allen *v.* Buchanan.

*Bill for Injunction Restraining Suit in the Courts of Another State.*

1. *Right of exemption protected by injunction.*—Where plaintiff and defendant are both citizens of Alabama, a court of equity has the power to restrain a party from prosecuting a suit in another State, the object of which is to condemn a fund which has been adjudged by the courts of this State to be exempt from seizure for debt.

APPEAL from the City Court of Birmingham.
Heard before Hon. H. A. SHARPE.

LANE & WHITE, for appellants, cited *Kyle v. Montgomery*, 73 Ga. 337; Freeman on Executions, Sec. 209; *Morgan v. Neville*, 74 Pa. St. 52; *Lisenbee v. Hall*, 1 Sneed (Tenn.) 50; *E. T., Va. & Ga. R. R. v. Kennedy*, 83 Ala. 462; *Boykin v. Edwards*, 21 Ala. 261; *Newell v. Hayden*, 8 Iowa, 140.

NOBLE SMITHSON, for appellee, cited *Penn v. Lord Baltimore*, 2 W. & T. Eq. cases, 923; Kerr on Inj. 154; *Snock v. Snetzer*, 56 A. Rep. 664; *Ib.* 657, 28 *Ib.* 448; 55 *Ib.* 545; *Zelnicker v. Brigham*, 74 Ala. 598.

McCLELLAN, J.—The bill in this case is filed by W. R. Buchanan, who is a resident citizen of Alabama, against Claude A. Allen, William Redd, and H. Lee Brown, who are also resident citizens of this State doing business as partners under the firm name of Allen, Redd & Company, and against The Traders Insurance Company of New Orleans, which is alleged to be a citizen of the State of Louisiana. Its purpose is to restrain the prosecution of a suit by said Allen, Redd & Co. in a civil Court of the Parish of Orleans in the State of Louisiana, against the complainant the object of which is to collect from said insurance company, certain six hundred dollars, which said company owes complainant; the company being also before that court by process analogous to a summons in garnishment under our laws. The abstract equity of the present bill is rested on the fact that the fund thus sought to be subjected to the debt of Allen, Redd & Co. is exempted to the complainant under the laws of Alabama, where all the parties in interest re-

[Allen v. Buchanan.]

side, and is so claimed in the bill; and it is moreover averred that prior to the institution of the proceeding in Louisiana, Allen, Redd & Co. sued Buchanan on the same cause of action in this State and summoned said insurance company to answer whether and in what sum it was indebted to the defendant in that action, that the garnishee appeared and answered indebtedness in the sum of six hundred dollars, that thereupon the defendant claimed the same as exempted to him, and that plaintiff having failed to contest said claim of exemption, the Birmingham City Court, in which the case was pending, "adjudged that complainant was entitled to the amount so due as exempt, and discharged the same from said garnishment." This is the fund which is now involved in the proceeding in Louisiana.

It can not be doubted that on the averments of the bill the complainant is, legally and equitably entitled to the fund. Under the laws of Alabama, he has the same right to demand and receive the sum due him from the insurance company, as against Allen, Redd & Co. as if they had no claim whatever against him. Nor is it material what effect or whether any effect, is accorded to the judgment of the City Court of Birmingham, discharging the garnishee and holding this money to be exempted to Buchanan, the defendant in that suit and the complainant here. If there had been no previous suit involving the question of exemption and no attempt to adjudicate that question in the courts of Alabama, the complainant on the facts he avers would be and is still entitled under our laws to this fund over any claim Allen, Redd & Co. can have to it if the averments of the bill as to complainant's not having waived his exemptions against their debt be true. And the case may in this respect stand, on the averments of the bill, on the claim of exemptions therein brought forward wholly regardless of whether any previous claim had been advanced and adjudged in favor of complainant or not.—*Zelnicker v. Brigham & Co.*, 74 Ala. 598.

Complainant's right to this money exists, however, only by force of the local law of Alabama which has no extra territorial operation and which will not be enforced in the courts of Louisiana. But the fact that this legal right of his can not be asserted in the courts of that State, since one jurisdiction does not enforce the exemption statutes of another, so far from militating against the equity of this bill is essentially the basis of its equity. It can make no difference as respects the abstract rights of these parties

[Allen v. Buchanan.]

in, and under the law of Alabama, whether they are cognizable in foreign courts or not. Whether so or not, they are the same here, and the parties are the more entitled to have them declared and effectuated here so far as our courts are capable of declaring and effectuating them because they can not be asserted in the foreign court which is undertaking to deal with the subject matter through its judgments *inter partes* regardless of the rights of the parties under the law. In other words, the complainant has a right to this money, which though it is a legal right he cannot assert in the forum where the respondents are seeking to foreclose it, and where it will be foreclosed unless he can invoke the powers of the Chancery Court to restrain their efforts to that end. This being his only remedy to effectuate his legal rights, the demurrers to the bill which go upon the ground that complainant has an adequate remedy at law were properly overruled.

The main question presented on this appeal, however, is as to the power of the court of chancery of one State, having jurisdiction of the parties, to grant relief *inter partes* in respect of a matter which is situated beyond the territorial jurisdiction of the court, in another State or country. The authorities overwhelmingly support such jurisdiction. Mr. Pomeroy upon this subject says: "Where the subject-matter is situated within another State or country, but the parties within the jurisdiction of the court, any suit may be maintained and remedy granted which *directly* effect and operate upon the person of the defendant and not upon the subject-matter, although the subject-matter is referred to in the decree, and the defendant is ordered to do or to refrain from certain acts toward it, and it is thus ultimately but *indirectly* effected by the relief granted. As examples of this rule, suits for the specific performance of contracts, for the enforcement of express or implied trusts, for relief on the ground of fraud, actual or constructive, for the final accounting and settlement of a partnership and the like, may be brought in any State where jurisdiction of the defendant's person is obtained, although the land or other subject-matter is situated in another State or even in a foreign country."—3 Pom. Eq. Jur. § 1318. And Judge Story says: "In general, the fact that the property is not within the jurisdiction, constitutes no bar to a proceeding in the court of equity, if the person is within the jurisdiction; for a court of equity acts upon the person; or to use the appropriate phrase, *aequitas agit in personam.*—Story's Eq. Pl'd'g. § 489. And to like effect are the following adjudged cases: *Penn. v. Lord Baltimore,* 1

26—97

[Allen v. Buchanan.]

Vesey Sr. 444; *Guild v. Guild*, 16 Ala. 121; *McGee v. Sweeney*, 84 Cal. 100; *Montgomery v. United States*, 36 Fed. Rep. 4; *Davis v. Morris*, 76 Va. 21; *Carver v. Peck*, 131 Mass. 292; *Bethell v. Bethell*, 92 Ind. 318; *Baker v. Rockabrand*, 118 Ill. 365; *Johnson v. Gibson*, 116 Ill. 294; *Poindexter v. Burnwell*, 82 Va. 507, among many others cited in note to § 1318 Pom. Eq. Jur.

And so long as the relief sought may be worked out directly on the person of the defendant and indirectly through his person on property in a foreign jurisdiction, it is immaterial what form the decree assumes, whether it is affirmative or negative in its effect, whether it commands an act to be done, as, for instance, the execution of a conveyance, or restrains the doing of an act, as, for instance, the alienation of property, the institution or prosecution of suits in other States, and the like. Thus it is said by Judge Story, after declaring that nothing can be clearer than the proposition that the court of one country cannot exercise any control of those of another: "But the courts of one country have no authority to stay proceedings in the courts of another, they have an undoubted authority to control all persons and things within their territorial limits. When therefore, both parties to a suit in a foreign country, are residents within the territorial limits of another country, the courts of equity in the latter may act *in personam* upon these parties, and direct them, by injunction to proceed no further in such suit. In such case these courts act upon acknowledged principles of public law in regard to jurisdiction. They do not pretend to direct or control the foreign court, but, without regard to the situation of the subject-matter of the dispute, they consider the equities between the parties, and decree *in personam* according to those equities; and enforce obedience to their decrees by process *in personam*."—2 Story's Eq. Jur. § 899. And the same doctrine is announced by Mr. High, who in conclusion says: "While, therefore, the court will assume no control over the course of the proceedings in the foreign tribunal, it may and will interfere to prevent those who are amenable to its own process from instituting or carrying on suits in other States which will result in injury and fraud. Thus, where a creditor and debtor are both citizens in and residents of the same State, and the creditor institutes an action of attachment and garnishee proceedings in another State to reach credits due the debtor there and which would have been exempt from attachment or legal process under the laws of the State where parties are domiciled, (which is precisely the case at the bar), the creditor may be enjoined

[Allen v. Buchanan.]

from further prosecuting his action in the foreign State, it being regarded as an effort to evade the laws of his domicile."—1 High on Injunctions, §§ 103-107. These texts are amply sustained by the following cases, some of which are on all fours with this case in their facts, while the others are strictly analogous: *Keyser v. Rice,* 47 Md. 203; s. c. 28 Amer. Rep. 448; *Snook v. Suetzer,* 25 Ohio St. 516; *Pickett v. Ferguson,* 45 Ark. 177; s. c. 55 Am. Rep. 545; *Great Falls Manf. Co. v. Worster,* 23 N. H. 470; *Vermont & Cana. R. R. Co. v. Vermont Cen. R. R. Co.,* 46 Vt. 792; *Deleon v. Foster,* 4 Allen, 541; *Proctor v. National Bank,* 152 Mass. 223; *Cunningham v. Butler,* 142 Mass.; s. c. 56 Am. Rep. 657, and notes 663-5; *Wilson v. Joseph,* 107 Ind. 490.

Some decided cases maintain the contrary doctrine. Our attention has been called to three of these, namely: *Mead v. Merritt & Peck,* 2 Paige Ch. 402; *Williams v. Ayrantt & Chamberlain,* 21 Barb. 364; and *Peck v. Jenness,* 7 How. 612. These cases appear to have followed the reasoning and judgment of Lord Eldon in *Kennedy v. The Earl of Cassilis,* which has ceased to be authority in England, the power of the Chancery Court to restrain persons of whom it has jurisdictions from the prosecution of suits in foreign countries being now recognized and established in that country.—1 High on Injunctions, § 103. Moreover, what was said by the Supreme Court of the United States in *Peck v. Jenness, supra,* was a *dictum* inasmuch as the lack of power in a Federal Court to restrain parties in the prosecution of suits in State Courts, which was the question considered and decided, results from, and is properly ascribed in that case, to the provision of the judiciary act of 1793 which expressly declares that a writ of injunction shall not be granted by a court of the United States to stay proceedings in any court of a State.

The general doctrine invoked in this case, that the courts of one State may enjoin parties personally within their jurisdiction from prosecuting suits in the courts of another State, is now fully recognized by the Supreme Court of the United States, and held to be constitutional.—*Cole v. Cunningham,* 133 U. S. 107.

We hold in accord with the overwhelming weight of authority, and with what we regard as the sounder reasoning, that the Chancery Courts of this State have the power invoked by the present bill, and that the bill makes a proper case for its exercise. The decree overruling the demurrer is affirmed.