### HORST v. BARRET. (I Div. 358.)

(Supreme Court of Alabama. May 14, 1925.)

**1. Courts ⬅18, 516—Alabama court has jurisdiction to cancel conveyance of Mississippi land, and enjoin partition suit in Mississippi.**

Alabama court, acquiring jurisdiction of parties, has jurisdiction to cancel conveyance executed in Alabama on land in Mississippi, as being cloud on title, and to enjoin prosecution in Mississippi of suit to partition the land.

**2. Equity ⬅273—Amendment to bill for injunction and cancellation, praying money decree, held permissible and not to defeat jurisdiction of equity.**

Where bill in equity sought to cancel conveyance as cloud on title, and enjoin partition, subsequent amendment under rule 45 of Chancery Practice, setting up sale in partition proceeding and praying that petitioner's portion of proceeds be decreed paid to her, held permissible and not to defeat right to relief in equity; the essential nature of right being same throughout, and willingness to accept money decree, instead of attempting to enforce purely equitable remedies, not being grounds for defeating jurisdiction of equity.

**3. Equity ⬅277—Amendment wholly shifting grounds for relief must be specially demurred to.**

Objection to amendment of bill in equity, wholly shifting the ground of relief, must be taken by special demurrer.

**4. Equity ⬅273—Amended statement of cause of action proper, so long as referring to the same transaction, property, and title and parties as original.**

Under Code 1923, § 9513, a new statement of cause of action cannot be held to relate to new cause of action, so long as it refers to the same transaction, property, and title and parties as original.

**5. Estoppel ⬅68(2)—Wife entitled to money received by grantee's trustee for partition sale, though not a party to that suit.**

In suit by wife who, as surety for husband, conveyed interest in land, against trustee under grantee's assignment for creditors for proceeds of partition sale, claim of trustee that, since plaintiff was not party to partition suit her interest remained undisposed of, and she could not sue for money held inconsistent and untenable, in view of trustee's claim of beneficial ownership.

**6. Estoppel ⬅91(2)—Party claiming and securing proceeds of partition sale could not deny that her title passed.**

Wife conveying interest in land to husband's creditor, and thereafter claiming and securing proceeds of partition sale of land, held estopped to deny that her title passed by the partition sale, though she might not have been party to partition suit.

**7. Judgment ⬅519—Bill to enforce payment of money, decreed to defendant in partition suit in another state, held not collateral attack.**

Where, in partition suit in Mississippi, complainant was denied right to litigate her claim of equitable ownership of interest in the land, and brought action in Alabama against one of parties to partition suit, claiming his share of proceeds, such suit held not a collateral attack on decree of Mississippi court distributing proceeds of sale.

**8. Cancellation of instruments ⬅34(I)—Bill to cancel conveyance not barred by laches.**

Where wife executed deed to interest in land as surety for her husband, and grantee made assignment for benefit of creditors in 1911, and partition suit was brought in 1912, in which she filed cross-bill asserting her equitable ownership, and which was pending until 1921, her delay until that time in filing bill for cancellation, or, by amendment, for proceeds of partition sale, held not laches barring claim.

**9. Husband and wife ⬅210(3)—Husband not necessary party to suit by wife to cancel instrument executed as surety for him.**

In suit by wife for cancellation of conveyance, executed as surety for husband, there being no question of joint and several liability, husband who had no legal interest in proving that wife owed or did not owe debt, and against whom there could be no adjudication, was not a necessary party.

**10. Partition ⬅111(4)—Purchaser in partition sale not necessary party to litigation over proceeds.**

In suit by equitable owner against trustee under legal owner's assignment for creditors, to recover proceeds of sale of land under partition decree, purchaser held not a necessary party, where every right vested by partition decree was conceded.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Kate W. Barret against Henry A. Horst, as trustee of the Lienkauf Banking Company. Decree for complainant, and respondent appeals. Affirmed.

Harry T. Smith & Caffey, of Mobile, for appellant.

When the suit in the Mississippi court was dismissed, and the land sold for division, the primary equity of the bill failed. Hunt v. Jones, 203 Ala. 541, 84 So. 718; Gardner v. Knight, 124 Ala. 273, 27 So. 298. A decree invalidating the deed to Lienkauf Banking Company would have been unavailing, after sale of its interest by the Mississippi proceedings. The purchaser and complainant's husband would have been necessary parties. Cudd v. Reynolds, 186 Ala. 207, 65 So. 41. The only grounds of equitable relief having failed, the court had no jurisdiction to retain the case for the purpose of awarding a money judgment. Suit at law would have

been adequate. Hunt v. Jones, supra; Farmers' Sav. Bank v. Murphree, 200 Ala. 574, 76 So. 932; Brown v. Sheridan, 185 Ala. 123, 64 So. 68; Nelson v. Lee (Ala. Sup.) 53 So. 1024; Gulf Comp. Co. v. Harris & Co., 158 Ala. 343, 48 So. 477, 24 L. R. A. (N. S.) 399; Youngblood v. Youngblood, 54 Ala. 486; Russell v. Little, 28 Ala. 160; Sessions v. Sessions, 33 Ala. 522. Recovery of money received by respondent could not be had, for the cause of action arose after filing suit. Hill v. Hill, 10 Ala. 527; Land v. Cowan, 19 Ala. 297; Vaughan v. Vaughan, 30 Ala. 329; Rives v. Walthall, 38 Ala. 329; Allred v. State, 205 Ala. 193, 87 So. 842. The amended bill is an absolute departure. Scott v. Ware, 64 Ala. 174; Penn v. Spence, 54 Ala. 35; Gardner v. Knight, 124 Ala. 273, 27 So. 298. The Mississippi court had exclusive jurisdiction of the distribution of the funds, and its decree cannot be collaterally attacked in Alabama courts. 30 Cyc. 298; 2 R. C. L. 790; Messier v. Amery, 1 Yeates (Pa.) 533, 1 Am. Dec. 316; 20 R. C. L. 777; Rand v. Smallridge, 130 Mass. 337. Complainant's right is barred by laches. Corley v. Vizard, 203 Ala. 564, 84 So. 299; Rives v. Morris, 108 Ala. 527, 18 So. 743; Salmon v. Wynn, 153 Ala. 538, 45 So. 133, 15 Ann. Cas. 478; Hauser v. Foley, 190 Ala. 437, 67 So. 252.

George B. Cleveland, of Mobile, for appellee.

Counsel discusses the question raised, but without citing authorities.

SAYRE, J. [1] By her original bill in this cause, appellee sought to enjoin appellant's further prosecution in Mississippi of a bill for the partition, or sale in lieu of partition, of a large tract of timber lands in Jackson county, Miss. The averment was that appellee had been induced by her husband to execute a conveyance of her interest—one-fourth—in the lands to the Lienkauf Banking Company; that the Lienkauf Banking Company, by a contemporaneous instrument in writing, agreed to reconvey the said lands to appellee upon the payment to it within one year of the amount of the recited consideration of the conveyance to it, viz. $13,-500 which was the amount of his indebtedness to the Lienkauf Company; that in truth the purpose and effect of the transaction was to make appellee a surety for her husband's debt; that in Mississippi the wife is not forbidden to become surety for her husband; that the contract of suretyship had been made in Alabama, and that the parties thereto all resided in this state, as did appellee. The bill also prayed that appellee's conveyance to the Lienkauf Banking Company be canceled and annulled as a cloud upon her title. There was also the general prayer for relief. The jurisdiction of the courts of this state, to decree relief according to the prayer of appellee's bill, was determined in Lamkin v. Lovell, 176 Ala. 334, 58 So. 258, on considerations there stated, nor is the decision in that case now drawn into question.

The difficulties in appellee's case arise out of amendments of her bill, made necessary by the changed aspect of relevant affairs brought about by appellant acting in conjunction with other owners in common of the lands in question, subsequent to the filing of appellee's bill and the modification of the relief sought thereby made necessary. By the amendments it was shown that J. K. Glennon and A. L. Staples, both of Mobile, who owned the remaining interests in the lands, had transferred their interests to the National City Bank of Mobile and the People's Bank of Mobile, respectively; that the National City Bank had transferred, or pretended to transfer, its claim in the lands to one Pringle, a resident of the state of Mississippi; that Horst, who had filed his bill as trustee of the Lienkauf Company under an assignment for the benefit of its creditors, dismissed his bill for partition previously filed in the chancery court of Jackson county, Miss., whereupon Pringle filed his bill for partition in the same court, making appellant, Horst, as trustee, one of the defendants; and that—this by appellee's last amendment—while a demurrer to appellee's bill as thus amended was awaiting decision, the lands had been sold under a decree of the Mississippi court and the proceeds of the interest represented by Horst as trustee ordered paid to him; and that the trust created by the assignment of the Lienkauf Banking Company for the benefit of creditors was pending in the circuit court of Mobile, in equity. And upon these facts appellee amended her prayer for relief to the end that, upon final hearing, the trustee, defendant, Horst, be directed to pay the amount thus to be received by him to appellee in lieu of her interest in the lands, and for general relief. The court decreed accordingly.

There seems to have been an effort, on the cross-examination of B. T. Barret, appellee's husband and witness, to establish the fact that appellee's interest in the lands, which she had acquired from or through her husband, had been acquired in fraud of his creditors. But that was an effort, the only effect of which could have been to prejudice appellee's case without any true bearing upon its merits; it was foreign to any possible issue of merit; nor was it proved. We have no doubt, and it is not seriously denied, that the transaction by which appellee conveyed her property to the Lienkauf Banking Company did constitute her a surety for her husband's debt in contravention of the statute.

[2] The main contention on the part of appellant is that appellee had relief that could not have been decreed on her bill in its original shape; that for the relief decreed appel-

lee had an adequate remedy at law. It is said that, where the only substantial relief sought by the bill and granted is a decree for a sum of money representing the damages sustained as a consequence of fraud, it is error for the court of equity to render a decree for such money, the remedy at law being complete and adequate, and that, if upon final hearing the equity stated in the bill is not established, the bill cannot be retained for the award of damages, purchase money, but will be dismissed. Brown v. Sheridan, 185 Ala. 122, 64 So. 68; Hunt v. Jones, 203 Ala. 541, 84 So. 718; Farmers' Bank v. Murphree, 200 Ala. 574, 76 So. 932; and other cases of earlier date are cited. The authority of none of these cases in their appropriate environment of fact is denied. It is freely conceded that, to use the language of the court in Bryan v. Cowart, 21 Ala. 92:

"When the complainant fails to make out the only ground for relief which gives a court of equity jurisdiction of his case, his bill cannot be retained on account of other grounds of relief, even if the proof sustains them."

But this, we conceive, is not a case in which the rule appealed to can have proper operation. It may be that, in the peculiar circumstances of this case, a decree of cancellation after the Mississippi court had decreed a sale of the land in Mississippi would have been futile. We may concede this for the argument only. But cancellation is merely one of the peculiar remedies by which equity administers relief—gives effect to equitable rights. The equitable right sought in appellee's original bill was restoration to the unclouded ownership of that interest in the land which in equity belonged to her. It was not a matter of great difficulty, by transposing the parties to a bill for partition, to divest appellee's complaint against the trustee's action in Mississippi of its equity as for an injunction. But it does not follow that her equitable remedy by cancellation was thereby destroyed or made futile, nor do we think that she put herself without the pale of equity when she elected to accept her share of the fruits of that litigation in lieu of the relief originally sought. It is not necessary to deny appellant's contention that if appellee would now accept the conversion into money of her interest in the lands and have a judgment for it she might proceed at law, but it does not follow that she may not have the same relief by a monied decree in equity. Her primary right against the trustee was equitable. Its assertion involved the necessity of resort to a remedy purely equitable. The essential nature of appellee's right was the same in the end as in the beginning of her cause.

We cannot agree that the change in the form of her property pending litigation, though she may be willing to accept her interest in its new form, should be a sufficient reason for turning her out of the forum of equity where relief by monied decree is common. In the peculiar circumstances of this case that would have too much the appearance of permitting appellant to take advantage of his own wrong to harass and perhaps defeat appellee's clear equitable right. It is too well settled to admit of doubt, as appellant suggests, that one who has no cause of action at the filing of his suit cannot recover on a cause of action occurring at a subsequent time; but that ruling is without application here, for the reason already stated, viz. appellee's essential equity in the end was just what it was in the beginning. The only change in the situation of the parties was a change which, if acquiesced in by appellee, removed the necessity for the remedy of external form peculiar to equity, viz. cancellation. The legal title to the land had been transferred by operation of the decree in Mississippi, but appellee's equity was unimpaired so long as the property remained in the hands of persons charged with notice of her rights, and that equity, substantially unchanged, she might follow and assert against any property into which her title was converted. Her original and amended bills based her right to relief on titles entirely consistent, the same character of relief was appropriate in both cases, and the same defenses were available in both. Winston v. Mitchell, 93 Ala. 554, 9 So. 551.

Always the question was whether the property in dispute, whatever its form, whether land or money, was in equity the property of complainant, defendant's legal title to the contrary notwithstanding. Herein the case differs from all those adjudications cited by appellant, in which the right to relief in any sort depended on facts occurring subsequent to suit brought. Scheerer v. Agee, 106 Ala. 139, 17 So. 610, and Id., 113 Ala. 383, 21 So. 81, is an instructive case in this connection. A statement of the case in full is hardly possible within permissible limits, but we may point out that, so far as complainant's abstract rights were concerned, his original bill sought a decree declaring his equitable ownership, pro tanto, of the fruits of a foreclosure suit then being prosecuted by bondholders other than complainant's debtor, but, pending complainant's suit, complaints in the other suit, colluding with the defendants in complainant's suit to cut off complainant's relief, pretermitted their demand for a foreclosure, and took a decree for the sale of their debtor's land, subject to the mortgage. Then complainant amended his bill to pray for a foreclosure, bringing in the necessary parties. This court held on the first appeal that "the amendment did not work an entire change of parties, nor bring forward a new cause of action." Relief was denied, but for the sole reason that the bill did not show that the bondholders had not, at the time it

was filed, or even at the time it was amended, the right to foreclose—that the mortgage had not come to maturity. On the second appeal it was held that a further amendment by which complainant sought to subject the land to the payment of his debt did not save complainant's case, but still because his original bill lacked equity, in that it did not aver that the mortgage had matured. The court conceded, arguendo it is true, but significantly nevertheless, that—

"Although the conversion of the bonds into the lands securing their payment occurred subsequently to the filing of the original bill and subsequent to the several former amendments thereof, the complainant was entitled to further amend his bill and subject the lands as the property of Scheerer [complainant's debtor], if the original bill when filed contained equity."

[3] Besides, there are rule 45 of Chancery Practice (volume 4, p. 920, Code of 1923) and the decision in P. & M. Mut. Ins. Co. v. Selma Bank, 63 Ala. 595. If appellant entertained the view that appellee by her amendment was wholly shifting the ground of her relief, it was incumbent on him to interpose special demurrer taking that point; but his only objection to the procedure was the general demurrer.

[4] The considerations to which we have referred above suffice in our judgment to answer also appellant's suggestion that appellee's amended bill was a total departure from her bill as originally filed. Nor do we consider that in the progress of this cause there was any violation of the rule, long observed in this court, that an amendment will not be allowed to change the right and character of the demand sought to be enforced or materially vary the character of the relief sought. Appellant failed to take this point in the trial court, as we have noted, for the only objection to appellee's bill at any stage was the general demurrer; but, aside from that, the rule now is that no new statement of the cause of action shall be held to relate to a new cause of action so long as it refers to "the same transaction, property and title and parties as the original." Code 1923, § 9513. Moreover, to repeat, the essential equity of appellee's case was the same at all stages.

[5, 6] It is argued that appellee cannot be allowed to have a judgment for the money, because, not being a party to the Mississippi suit, her interest in the property remains undisposed of by the decree there rendered. No doubt appellee might have sustained this proposition so far as concerns her equitable title to the land had she cared to do so, but it is true, nevertheless, that appellant was invested with the legal title to her interest in the land and was insisting all along that his was the equitable title as well. That title passed by the Mississippi decree. As we have stated in substance, appellee's claim of

beneficial ownership was well founded in fact. But appellant has proceeded on the theory and claim that he holds the beneficial ownership in trust under the Lienkauf deed of assignment. The Mississippi suit proceeded on that theory and that is still appellant's claim when it comes to the question of holding the money. Parties may be inconsistent; but only consistent claims may be allowed to prevail in the courts. As for appellee's position, by claiming and securing the proceeds of the sale of the land in controversy, she has effectually estopped herself to deny that her title passed. Appellant cites a number of cases to the proposition which we find stated in this language in 27 Cyc. 859:

"Where there are two claimants for the same money, and one of them is recognized as being entitled to it by the person from whom it is due, and is paid, the other cannot sue him to recover the money for the reason that, having received the money under a claim of right in himself, the law will not imply any contract or promise by him to hold the money for the use of the other claimant, or to pay it over to him, and therefore there is not, under the circumstances, any privity of contract on which to found the action."

But that is not the case presented by this record. Appellant received the money as the equivalent of land, the ultimate ownership of which was being contested in a cause to which he was a party. Neither the money nor the land was ever the property of appellant as an individual. Appellant held the money, as he held the legal title to the land, as a trustee for the true owner, as a mere stakeholder.

"The case falls within the familiar doctrine that money in the hands of one person, to which another is equitably entitled, may be recovered in a common-law action by the equitable owner, upon an implied promise arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled. * * * Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in this form of action [indebitatus assumpsit], subject to the restriction that the mode of trial and the relief which can be given in a legal action are adapted to the exigencies of the particular case, and that the transaction is capable of adjustment by that procedure, without prejudice to the interests of third persons. No privity of contract between the parties is required, except that which results from the circumstances. Mason v. Waite, 17 Mass. 560. The right on the one side, and the correlative duty on the other, create the necessary privity and justify the implication of a promise by the defendant to do that which justice and equity require. It is immaterial, also, whether the original possession of the money by the defendant was rightful or wrongful. It is sufficient that the duty exists on his part, created by the circumstances, to account for and pay it over to the plaintiff." Roberts v. Ely, 113 N. Y. 131, 20 N. E. 606.

Such has been the law of this court from the beginning. Hitchcock v. Lukens, 8 Port. 333; Allen v. Mendelsohn, 207 Ala. 527, 93 So. 416, 31 A. L. R. 1063. However, appellee has proceeded in equity to enforce her right to the money, and, for reasons which we think have sufficiently appeared, she was entitled to proceed in that forum.

[7] In the next place it is urged that appellee's bill in this cause constitutes a collateral attack upon the decree of the Mississippi court distributing the proceeds of the sale, which is entitled to full faith and credit in the courts of this state, and that "the distribution of the proceeds of land sold in partition is controlled by the law of the state where it is situate." 30 Cyc. 294. It seems also to be the law of some jurisdictions at least that persons having claims against the property sold for partition may present them to the court and have their payment provided for out of the proceeds of the sale. 30 Cyc. 293. Appellee attempted to intervene and propound her claim of ownership in the Mississippi court. She was denied access to that court, for what reason does not appear and is immaterial in any event. The fact is that she was denied the right to litigate her claim in that court, with the result that her claim was not litigated. Appellee's equitable right was unaffected by the decree; that it passed her legal title to the land is by necessary inference conceded, and it is not perceived how her bill in the circuit court of Mobile, filed, for that matter, prior to the bill on which the decree was rendered in Mississippi, and in a court having full jurisdiction of the parties and competent to determine the contested ownership of the right, title, and interest in dispute—it is not perceived how appellee's bill can be held as a collateral attack on the decree of the Mississippi court. Rather, we would say, the proceedings in Mississippi very clearly evidenced a flank attack upon the jurisdiction of the court of this state; but that also is immaterial, for, the Mississippi court having awarded a part of the proceeds of sale to appellant as trustee for the Lienkauf Banking Company, it is entirely competent for the Alabama court, where that trust was being administered, to decree its ultimate ownership which in justice and equity is the same as the ownership of the disputed interest in the land. If perchance the purpose was to have the Mississippi court decree the money directly to the Lienkauf Banking Company—for which surmise the decree may be said to afford some color—and thus cut off appellee's claim as being a collateral attack, that purpose has failed, because appellee had no voice in that proceeding, and the bill by which that court acquired jurisdiction shows that appellant held the legal title in trust.

[8] It is alleged in the brief for appellant that appellee's claim was barred by laches.

213 ALA.—12

The Lienkauf Banking Company made its assignment for the benefit of creditors in 1911. The first bill filed in Mississippi, to which appellee was made party defendant on the allegation that she owned a one-sixth interest other than the interest she had conveyed to the Lienkauf Company, in which she filed a cross-bill asserting her equitable ownership of the interest she had conveyed to the Lienkauf Company, and in which she might have reasonably expected an adjudication in her favor, was filed in 1912 and remained on the docket until 1921. In May, 1921, appellee filed the bill in this cause, whereupon, in December, 1921, the then pending bill in Mississippi was dismissed, as we have shown, and another bill filed in which appellant was made party defendant and appellee entirely omitted, because, as we understand, it then appeared that the one-sixth interest, on account of which she had been made a party defendant in the first bill, had been conveyed to another defendant. Meanwhile Lienkauf and Proskauer, of the banking company, who knew the facts of the transaction in which appellee conveyed the land in controversy to the bank, had died. Continuances of the first cause in Mississippi are charged to appellee. On these facts it is said that the court should impute laches to appellee with result that she be denied relief. We do not see why the whole burden of prosecuting the first Mississippi case should be rested upon appellee. Appellee's claim to the ownership of the interest in question was propounded in that case by way of cross-bill; appellant was put on notice; he had first invoked the jurisdiction of the court, and should himself have exercised diligence to bring the disputed question to a decision. It must be true that appellant consented to these continuances, in which event he cannot complain, or the Mississippi court was of opinion that there was good and sufficient reason for them, in which event we have no grounds on which to review its decisions. We think no sufficient showing of laches is made to appear.

[9] Finally it is urged that the court should not have decreed relief to appellee for the reason that two necessary parties were absent from the cause, to wit, appellee's husband, B. T. Barret, and the purchaser at the sale ordered by the Mississippi court. Cudd v. Reynolds, 186 Ala. 207, 65 So. 41, is cited to the proposition that B. T. Barret was a necessary party. The case is not in point. It may be conceded that, where a wife seeks to cancel a mortgage upon her separate estate, purporting to secure the joint and several liability of herself and husband, the husband is a necessary party, for the reason that, if relief be granted, it would be an adjudication that the husband alone is liable for the whole debt. Here there is no question of joint and several liability.

On the averments of the bill the complainant, appellee, was not liable at all. The husband had no legal interest in proving that appellee owed or did not owe the debt. There could be no adjudication against him, nor would he be heard to say that his surety should be required to pay the debt in preference to himself. There is also a practical reason why the husband need not have been made a party, to wit, his testimony establishes appellee's case.

[10] As for the purchaser under the Mississippi decree, every right that decree purported to vest in him is conceded in this cause, and no reason is found why he should be drawn into this litigation.

Our opinion is that the decree is free from error, and should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.