(113 So. 389)

PEOPLE'S BANK OF MOBILE v. BARRET.
(1 Div. 448.)

Supreme Court of Alabama. June 9, 1927.

1. **Equity ☞36—Equity may decree cancellation of conveyance of land in another state; decree being in personam.**

Court of equity, having jurisdiction of the parties in this state, may decree cancellation of a conveyance and order reconveyance of land in another state to place the parties in their original status; the decree being in personam, not in rem.

2. **Equity ☞138—Alternative prayers, inconsistent with special prayer, do not affect equity of bill praying special and general relief.**

Presence of other alternative prayers, not entirely consistent with a special prayer for relief, does not affect the equity of a bill containing special and general prayers.

3. **Equity ☞144—Concession that legal title passed subsequently to bank of which original grantee was officer held not to render bill for reconveyance of lands in another state inconsistent.**

In a bill to obtain reconveyance of undivided one-sixth interest in lands in another state, concession that legal title passed by sale for division after the conveyance whereby the bank, of which original grantee was an officer, purchased an undivided half interest, does not render the bill inconsistent, since the complainant could follow the property in the hands of persons charged with notice of rights.

4. **Cancellation of instruments ☞35(1)—Owner of other undivided interest in land held not necessary party to suit to procure reconveyance of interest from cotenant.**

The grantee of the purchaser of an undivided half interest in land sold at division sale was not a necessary party to a suit to procure from the bank, purchaser of the other undivided half interest, a reconveyance of a one-sixth interest, which, prior to the sale, had been conveyed to an officer of the bank.

5. **Cancellation of instruments ☞37(6)—Complaint for reconveyance from bank of lands theretofore conveyed to officer held sufficient without pleading agency, knowledge, or notice, where bill was based on scheme to evade statute for bank's benefit.**

Complainant seeking reconveyance from bank of lands theretofore conveyed to its officer did not need specifically to plead agency, knowledge, and notice, where the bill disclosed that the transaction complained of was a scheme to evade the statutory prohibition against a married woman's becoming surety for her husband to the benefit of the bank.

6. **Cancellation of instruments ☞37(3)—Averment that instrument sought to be canceled purported to convey lands held sufficient without averring instrument not void on face.**

Averment that instrument executed by complainant purported to convey the lands, the reconveyance of which was prayed for, *held* sufficient without averment that the instrument was not void on its face.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Bill in equity by Kate W. Barret against the People's Bank of Mobile and another. From a decree overruling its demurrer to the bill, defendant named appeals. Affirmed.

Harry T. Smith & Caffey, of Mobile, for appellant.

The bill does not show whether the deed sought to be canceled was valid or void upon its face, and demurrer taking this point should have been sustained. Rea v. Longstreet, 54 Ala. 291; Parker v. Boutwell, 119 Ala. 297, 24 So. 860; Bell v. McLaughlin, 183 Ala. 548, 62 So. 798. A bill seeking to declare a conveyance void and to declare it valid for the purpose of creating a trust cannot be maintained. Brooks v. Lowenstein, 124 Ala. 158, 27 So. 520; Builders', etc., Co. v. Lucas & Co., 119 Ala. 208, 24 So. 416.

George B. Cleveland, of Mobile, for appellee.

Complainant was not affected by the partition suit in Mississippi. Moore v. Summerville, 80 Miss. 323, 31 So. 793, 32 So. 294; Vick v. Vicksburg, 1 How. (Miss.) 379, 31 Am. Dec. 167; Caperton v. Hall, 118 Ala. 265, 24 So. 122; Gayle v. Johnston, 80 Ala. 395. The court had jurisdiction of the parties and the transaction. Lamkin v. Lovell, 176 Ala. 334, 58 So. 258.

GARDNER, J. The appeal is from the decree overruling appellant's demurrer to appellee's bill as amended.

Complainant is a married woman, the wife of B. T. Barret, who was, at the time of the transaction here complained of, indebted to the People's Bank of Mobile, and for which indebtedness complainant was in no manner responsible. Complainant was the owner of an undivided interest in certain lands in the state of Mississippi, but the parties to the suit are residents of this state, and all transactions in reference to the subject of this bill took place in this state. James K. Glennon was vice president of defendant bank and the bill alleges that—

"In order to secure the debt of her husband * * * to the extent of $5,000, and in an attempt to circuitously evade the law of Alabama forbidding a married woman from becoming security for her husband's debt, she was persuaded to execute and did execute an instrument purporting to convey to James K. Glennon, vice president of the said People's Bank of Mobile, the defendant, a one-sixth undivided interest owned by her as her separate estate in certain lands in Jackson county in the state of Mississippi," therein specifically described.

The bill further shows that, at the same time such conveyance was made, the said Glennon executed an instrument to Barret Bros. Shipping Company, a corporation of which complainant's husband was president and controlled, or under which he was doing business, providing for a resale of the property for $5,000 within a period of two years, and simultaneously therewith the defendant bank indorsed on said instrument its guaranty of the performance thereof by Glennon; whereupon Barret Bros. Shipping Company immediately assigned the instrument to complainant. The bill then avers:

"Complainant alleges that the said transaction was not a bona fide sale to the said Glennon, with an option, but was a security to the defendant People's Bank at Mobile for the indebtedness so owed by her husband, B. T. Barret, to it to the extent of $5,000 and interest, upon which complainant was in no way liable, and said security was upon part of her separate estate."

It is further alleged that the said Glennon was merely a conduit or trustee in said transaction, having no real interest therein, and subsequently conveyed whatever he acquired by complainant's deed to defendant bank.

The bill contains some details of litigation in regard to the property here involved in the chancery court of Mississippi, which needs no elaboration here further than to note that upon the bill filed in that state for a sale of the land for division, to which suit complainant was not a party, but in which the title passing by her conveyance to Glennon was included, the land was sold at public outcry; one F. H. Lewis being the purchaser, but in fact representing the defendant bank, and thereafter conveying the same to said bank and one J. M. Walsh, an undivided one-half interest each.

There are alternative prayers for relief as well as general prayer therefor, but that upon which counsel for complainant most strenuously insists seeks to have the transaction whereby complainant conveyed to Glennon declared void as violative of the statute of this state, and defendant bank execute to complainant a deed to the interest she then conveyed or that such interest be divested out of said bank, and vested in complainant.

[1, 2] Upon allegations bearing close analogy to those here presented, and concerning like transactions of complainant with other parties, this court has upheld the equity of the bill. Horst v. Barret, 213 Ala. 173, 104 So. 530; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084. Though the lands are situated in another state, yet a court of equity having acquired jurisdiction of the parties in this state has authority to enter a decree of cancellation of the conveyance and order a reconveyance to complainant so as to place the parties in their original status. The decree is not a decree in rem, but operates in personam only. Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; 4 Pom. Eq. Jur. § 1318; 1 Pom. Eq. Rem. §§ 16 and 17. There is therefore a special prayer for appropriate relief as well as general prayer for relief, and the fact that there are other alternative prayers, though not entirely consistent with such special prayer, does not affect the equity of the bill. Rosenau v. Powell, 173 Ala. 123, 55 So. 789; Staples v. Barret, supra; Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Morrow v. Morrow, 213 Ala. 131, 104 So. 399.

[3] Nor is the bill rendered inconsistent by a concession that, as to the sale in Mississippi, the legal title passed to the purchaser and seeking also to declare invalid the transaction by which complainant conveyed her interest to Glennon. This argument was fully answered in Horst v. Barret, supra, wherein the court said:

"The legal title to the land had been transferred by operation of the decree in Mississippi, but appellee's equity was unimpaired so long as the property remained in the hands of persons charged with notice of her rights, and that equity, substantially unchanged, she might follow and assert against any property into which her title was converted."

So here the defendant bank has title to one-half undivided interest in the same land out of which complainant may be reinvested with the one-sixth interest conveyed by her to Glennon, and complainant may therefore follow such interest and assert her equities thereto.

Speaking of transactions of like character condemned by the statute, this court, in Hatter v. Quina, ante, p. 225, 113 So. 47 (present term), said:

"Such conveyances are void as between the parties, but the rights of innocent purchasers for value without notice are protected; that is to say, such conveyances are voidable."

[4] The assertion of complainant's equity against the interest of defendant bank only leaves unaffected any interest of the cotenant Walsh in the property, and there was therefore no necessity that he be made a party to the bill.

[5] It is objected to the bill that it fails to show that Glennon, in procuring the conveyance from complainant, was acting as agent of the bank, or that the bank had knowledge of these matters, or that Glennon knew the purpose of the conveyance, or that Barret Bros. Shipping Company had any relation to the parties to this suit, or whether the conveyance was valid or void upon its face.

[6] The manifest purpose of pleading from a practical viewpoint is to clearly define the issues and sufficiently inform the opposing party of matters upon which the pleader relies for relief or defense as the case may be. It was not incumbent upon complainant to specifically allege agency, knowledge, or notice as insisted. The averments of the bill, the substance of which has hereinbefore been stated, sufficiently disclose that the transaction complained of was but a scheme to evade the statutory provision of this state prohibiting a married woman from becoming surety for her husband's debt, participated in by the parties, and the fruits of which were received and enjoyed by the defendant bank. And the averment that the instrument executed by complainant purported to convey the property therein described sufficiently answers the last-named objection as to the failure of the bill to aver the instrument was not void on its face.

Upon the whole, the conclusion is reached the bill as amended was not subject to the demurrer interposed, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.