(121 So. 86)

### CRAIG v. CRAIG. (7 Div. 862.)

Supreme Court of Alabama. March 21, 1929.

Merrill & Jones, of Anniston, for appellant.

Chas. F. Douglas, of Anniston, for appellee.

GARDNER, J. The appeal is from the decree of October 29, 1928, overruling demurrer to the bill as amended.

The decree of March 26, 1928, sustaining demurrer to defendant's plea (constituting the first assignment of error argued by counsel) is not reviewable under this appeal from the above-noted interlocutory decree on demurrer to the bill. Kyser v. Am. Surety Co., 213 Ala. 614, 105 So. 689. Nor does the present statute (section 6079, Code of 1923) authorize an appeal from such interlocutory decree on sufficiency of a plea. Sugar Factories, etc., Co. v. Fies, 213 Ala. 556, 105 So. 590; State v. Jabeles, 203 Ala. 670, 85 So. 16; Worthington v. Morris, 212 Ala. 334, 102 So. 620. In view of the fact, however, that this plea is one to the jurisdiction of the court, we think we may say, with due propriety, that the ruling of the court as to this plea finds justification in the following authorities: Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; People's Bank v. Barret, 216 Ala. 344, 113 So. 389; Horst v. Barret, 213 Ala. 173, 104 So. 530; Allen v. Buchanan, 97 Ala. 399, 11 So. 777, 38 Am. St. Rep. 187; Hume v. Kirkwood, 216 Ala. 534, 113 So. 613—and that in West Point Mfg. Co. v. Allen, 143 Ala. 547, 39 So. 351, cited by counsel for appellant, the court considered the bill as one seeking to subject property to the satisfaction of the claim of the creditors, a proceeding in rem, thus differentiating that authority from those above noted, which represent proceedings in personam only.

The argument as to the ruling on demurrer to the amended bill is rested principally upon those assignments attacking the bill for multifariousness.

The bill discloses the execution of a deed to respondent, and seeks its avoidance upon the ground, in the first instance, of fraudulent representations as to its contents, and, secondly, for a breach of a condition subsequent as to complainant's maintenance and support. The purpose of the bill is single (the cancellation of the deed), but complainant's attack is twofold, and requiring variant proof.

It has been said of multifariousness that it is incapable of exact definition, is frequently a matter left to the sound discretion of the court, each case to be governed by its own peculiar facts, and that "in determining this question multiplicity of suits should be avoided, as equity delights to do justice, and not by halves." Ford v. Borders, 200 Ala. 70, 75 So. 398; Rountree v. Satterfield, 211 Ala. 464, 100 So. 751. We are clear to the view that

under our present statute (section 6526, Code of 1923) the objection of multifariousness is not well taken. James, etc., Co. v. Frost, 214 Ala. 226, 107 So. 57; Macke v. Macke, 200 Ala. 260, 76 So. 26; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Smith v. Young, 173 Ala. 190, 55 So. 425; Dozier v. Farrior, 187 Ala. 181, 65 So. 364; Ezzell v. First Nat. Bank, 218 Ala. 462, 119 So. 2; Mitchell v. Cudd, 196 Ala. 162, 71 So. 660.

Counsel for appellant direct attention to the fact that the two theories of assault upon the deed are not stated in the alternative. It may be conceded that good pleading would require alternative modes of statement, and it may be (a matter not here presented for decision) that complainant has by the manner of pleading assumed an unnecessary burden of proof as to both theories of attack, but we are unable to see that the failure to state the averments in the alternative renders the bill multifarious.

We are further of the opinion the bill discloses a breach of the condition subsequent set out in the deed, and that the assignments of demurrer rested upon that phase of the case were not well taken. Hannah v. Culpepper, 213 Ala. 319, 104 So. 751; Holley v. Harris, 215 Ala. 442, 111 So. 221; Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; Bank of Hartford v. Buffalow, 217 Ala. 583, 117 So. 183; Sherill v. Sherill, 211 Ala. 105, 99 So. 838; First Nat. Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L. R. A. 1918F, 353.

The decree overruling the demurrer to the bill was without error, and will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.