81 So.2d 606

### W. P. KIMBROUGH

v.

### Frances Grant HARDISON et al.

3 Div. 729.

Supreme Court of Alabama.

June 30, 1955.

Knabe & Nachman, Montgomery, for appellant.

Godbold & Hobbs, Montgomery, ·for appellees.

MERRILL, Justice.

This is an appeal from a decree sustaining the demurrer to the substituted bill of complaint as a whole and to each aspect of the substituted bill.

The appellant Kimbrough is the complainant. In the substituted bill he alleged the following facts. Appellee Grant owns certain described real estate in Florida. He attempted to convey that property to his daughter, appellee Frances Grant Hardison. Kimbrough had a claim for damages against Grant arising out of an automobile accident on December 22, 1950. Suit had been filed claiming these damages prior to this attempted conveyance and a judgment was found against Grant and recorded in Florida prior to the time that this attempted conveyance was recorded there.

The bill alleged that the attempted conveyance of the Florida realty from Grant to Hardison was a fraud on Kimbrough, a creditor; that Hardison was not a bona fide purchaser for value but that the attempted conveyance was voluntary and without consideration; that the attempted conveyance was made with the intent to hinder, delay and defraud Kimbrough, as a creditor of Grant in his lawful suit, damages, debts and demands and that the purported conveyance was null and void and that the parties to it should be ordered to set it aside. There was also an averment that the appellees knew the purported deed was fraudulent at the time it was given. It was also averred that the appellee Hardison owned certain described real property in Montgomery. Both appellees are residents of Montgomery County, Alabama, and personal service was had on each of them. In the substituted bill appellant asked the following equitable relief against the appellees:

(1) An order to appellees to reconvey the Florida property and undo their alleged fraud; (2) an order to undo the fraudulent conveyance in any other appropriate manner which would vitiate the fraud; (3) a judicial declaration that title to the Florida property had been fraudulently divested out of Grant and into Hardison; (4) an order declaring a lien on the Florida property for the payment of Kimbrough's debts; (5) an order requiring appellee Grant to pay his debt—the judgment for damages claimed—or in the alternative require him to sell the Florida property and make payment of the debts out of the proceeds of the sale; (6) a declaration of lien against the Alabama property of appellee Hardison; and (7) an injunction against the appellees from further conveyances, assignments or deeds of either the Florida or Alabama properties until the payment of appellant's claim.

The lower court sustained the demurrer to the bill as a whole and to each aspect of the bill.

Appellant's theory is that an equity court in Alabama has the power to order the fraudulent vendor and the fraudulent vendee, both of whom are properly before it, to undo their fraudulent conveyances so that Kimbrough, the creditor, may be free to pursue his ordinary creditor's liability against his debtor and that equity in such a case may act in personam against persons within its jurisdiction and order them to perform acts in other states or countries. In support of this theory appellant cites Penn v. Lord Baltimore, 1 Vesey Senior 444; Massie v. Watts, 6 Cranch 148, 3 L.Ed. 181; Guild v. Guild, 16 Ala. 121; Allen v. Buchanan, 97 Ala. 399, 11 So. 777; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Horst v. Barret, 213 Ala. 173, 104 So. 530; Peoples' Bank v. Barret, 216 Ala. 344, 113 So. 389, and Hume v. Kirkwood, 216 Ala. 534, 113 So. 613.

Two applicable statutes are:

"All conveyances, or assignments in writing, or otherwise, of any estate or interest in real or personal property, and every charge upon the same, made with intent to hinder, delay, or defraud creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts, or demands; and every bond, or other evidence of debt given, suit commenced, decree or judgment

suffered, with the like intent, against the persons who are or may be so hindered, delayed, or defrauded, their heirs, personal representatives and assigns, are void." Title 20, § 7, Code of 1940.

"A creditor without a lien may file a bill in equity to discover, or to subject to the payment of his debt, any property which has been fraudulently transferred or conveyed * * * by his debtor." Title 7, § 897, Code of 1940.

■ There is no question but that equity does act in personam and does order a party, in certain situations, to perform or refrain from certain acts relating to land in another jurisdiction, and the authorities cited by appellant and listed supra, sustain that proposition. But we have not found, nor have we been cited, any Alabama authority which extends equity jurisdiction to the point of permitting a *creditor* to set aside an allegedly fraudulent conveyance of land in another state.

The distinction between the rights of one who had title to land, either legal or equitable, and the rights of a mere creditor is clearly drawn in the case of Lide v. Parker, 60 Ala. 165. In that case a contract creditor prayed that a deed of trust to land in Mississippi be set aside as fraudulent and that respondent account for all money received under the deed of trust and rents and profits. A demurrer raised the question of jurisdiction because the lands were in Mississippi. The chancellor overruled the demurrer, holding that the bill presented a case for equitable relief and that if the transaction be found fraudulent as against the creditors, the court might by personal decree against the defendants, compel them to account for the lands in Mississippi. In reversing the decree and dismissing the bill, this court said:

"The only statute that can be supposed to aid the complainant, is contained in section 3886 (3446) of the Code of 1876 (now Title 7, § 897): 'A creditor without a lien may file a bill in chancery, to subject to the payment of his debt any property which has been fraudulently transferred, or attempted to be fraudulently conveyed, by his debtor.' But, evidently, the property here referred to is property within the State of Alabama. It cannot be presumed that the legislature meant to give in its enactment, if it could do so, an extra-territorial operation, or to authorize courts of equity here, through their power over parties within their jurisdiction, to appropriate real and personal property situated in another State, to the payment of simple-contract creditors in Alabama or elsewhere.

"By the old common law of England, lands were not subject at all to be sold to pay simple-contract debts. Every State is entitled to have such a policy of partial or total exemptions, in matters of this sort, as it may choose to establish; and that policy, whatever it may be (and that of Mississippi cannot be judicially known by the courts of another State, and is not shown by allegations in this cause), can no more be interfered with, or administered through decrees, agere in personam, of alien courts, than it can be prescribed by an alien legislature. It is a misapplication of the doctrine of the case of Penn v. Lord Baltimore (1 Vesey, 444), and of other cases relating to the specific performance of contracts concerning lands not within the jurisdiction of the court decreeing it, and of cases in which the plaintiff has been defrauded out of his title to lands so situated by the defendant in a cause, for a court in Alabama, at the instance of a mere creditor who never had any title to, or lien upon the land, once belonging to his debtor in another jurisdiction, nor ever instituted any proceedings there against it, to undertake to subject to the payment of the debt to this creditor such real estate within the dominion of another sovereign, by a decree in any form whatever."

In West Point Mining & Mfg. Co. v. Allen, 143 Ala. 547, 39 So. 351, the complainant, a judgment creditor, filed a bill to annul a deed of trust to lands in Tennessee

which was alleged to have been fraudulent as to the creditors. The respondent demurred upon the ground that the property conveyed was in Tennessee. The appeal was from the decree overruling the demurrer. This court quoted from Lide v. Parker, supra, and from Bump on Fraudulent Conveyances, p. 498, where it is said, " 'The courts of one state have no jurisdiction or authority to set aside a fraudulent conveyance of land situate in another state' " and further stated:

"There is no distinction in principle between a bill to set aside a conveyance of property situated in another state, fraudulently transferred, filed by a judgment creditor, and one filed by a simple contract creditor. The relief is the same in both cases. To hold that a fraudulent conveyance of property situated in another state may be avoided in the courts of this state by a judgment creditor, when it cannot be done by a simple contract creditor, would effect a discrimination in favor of judgment creditors against simple contract creditors in the matter of such relief. This would be opposed to the intention of the Legislature, repeatedly declared by this court, to give to simple contract creditors an equal right with judgment creditors to reach property subject to the payment of debts which has been fraudulently transferred. Lehman v. Meyer, 67 Ala. 396. 'Property' was used in the same sense in both statutes."

The distinction between the line of cases cited by appellant and the rule announced by the Lide and West Point cases is again pointed out in Craig v. Craig, 219 Ala. 77, 121 So. 86, 87, where the prayer was for a decree annulling a deed on the grounds of fraudulent misrepresentation and breach of a condition subsequent, and to require respondent to reconvey the land to complainant. A plea to the jurisdiction alleged that the land was located in Georgia. This court said:

"In view of the fact, however, that this plea is one to the jurisdiction of the court, we think we may say, with due propriety, that the ruling of the court

as to this plea finds justification in the following authorities: Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; People's Bank v. Barret, 216 Ala. 344, 113 So. 389; Horst v. Barret, 213 Ala. 173, 104 So. 530; Allen v. Buchanan, 97 Ala. 399, 11 So. 777, 38 Am.St.Rep. 187; Hume v. Kirkwood, 216 Ala. 534, 113 So. 613—and that in West Point Mfg. Co. v. Allen, 143 Ala. 547, 39 So. 351, cited by counsel for appellant, the court considered the bill as one seeking to subject property to the satisfaction of the claim of the creditors, a proceeding in rem, thus differentiating that authority from those above noted, which represent proceedings in personam only."

We think it is clear that our cases do not sustain the right to file a *creditor's* bill in equity to set aside an alleged fraudulent conveyance of lands situated outside of Alabama, although the parties are residents of this state and are properly before the court. This disposes of all appellant's assignments of error except 8 and 9.

These assignments of error are concerned with paragraph 8 of the substituted bill and prayers 6 and 7, supra. Paragraph 8 reads:

"8. That the said Respondent, Frances Grant Hardison, owns property in the City of Montgomery, and State of Alabama (here the property is described) and that the said Frances Grant Hardison has heretofore engaged in efforts to hinder, delay or defraud your complainant of his lawful suits, damages, debts and demands, and to prevent your Complainant from collecting the aforesaid judgment against Respondent, Charles A. Grant."

" 'A bill without equity will not support an injunction of any character under any circumstances.' " Loop National Bank of Mobile v. Cox, 255 Ala. 388, 51 So. 2d 534, 537; City of Birmingham v. Bollas, 209 Ala. 512, 96 So. 591; Pearson v. Duncan & Son, 198 Ala. 25, 73 So. 406, 3 A.L.R. 242; McHan v. McMurry, 173 Ala. 182, 55 So. 793. There is no allegation that connects the respondent Hardison in any way with the appellant's claim and judgment for

personal injuries against respondent Grant, and the other aspects of the bill lacking equity, the allegation in paragraph 8 and the prayer for an injunction is not sufficient to give equity to the bill. Cf. American Nat. Bank & Trust Co. v. Powell, 235 Ala. 236, 178 So. 21, 29, 30.

The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.