# West Point Mining & Mf'g. Co., *et als.* *v.* Allen.

### *Bill in Equity to Annul a Deed of Trust.*

1. *Equity jurisdiction of courts; State courts without jurisdiction to annul conveyance of land situate in other states.*—The courts of this State have no authority or jurisdiction to set aside or annul as fraudulent a conveyance of land executed by a corporation under the laws of this State, where the lands conveyed are situate in another state. ·

2. *Corporations; formalities and execution of conveyance for benefit of stockholders.*—The formalities, required for the valid execution of a conveyance of property by a corporation, are for the benefit of the stockholders of the corporation; and, if the stockholders acquiesce in a conveyance in which the necessary formalities have been disregarded, other parties cannot complain.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee, Susan B. Allen, against the West Point Mining and Manufacturing Company, a body corporate under the laws of Alabama, the United States Iron Company, a body corporate under the laws of New Jersey, and others. The facts of the case are sufficiently stated in the opinion.

SIMPSON & JONES, for appellant, cited:—1 Pomeroy's Eq. Jur., sections 134, 135; 1 Pomeroy's Eq. Jur., sec. 170, p. 150-51; *Wicks v. Caruthers,* 81 Tenn. 353; *Harris v. Pullman,* 84 Ill. 20, and 25 Am. Rep. 416; *Guild v. Guild,* 16 Ala. 121; *Allen v. Buchannan,* 97 Ala. 399; *Lide, et al. v. Parker's Ex.,* 60 Ala. 165.

EMMETT O'NEAL and THOMAS R. ROULHAC, *contra.*—All the authorities hold that the courts of the state, where the trust originates and which has jurisdiction over the person of the grantor, or assignor, and the trustee, will exercise authority over them, though the in-

strument creating the trust may purport to convey property beyond their territorial jurisdiction.—*Chaffee v. Bank,* 71 Me. 524, 528; Perry on Trusts, Secs. 70, 71, 72; 2 Story's Eq. Jur., Sec. 1290, *et seq.; D'Ivernois v. Leavitt,* 23 Barb. 63; *Nicholson v. Leavitt,* 2 Seld. 510, 4 Sandf. 276; *Osborn v. Adams,* 18 Pick. 245; *Hutcheson v. Pechine,* 16 N. J. Eq. 167; *Knox v. Jones,* 47 N. Y. 389; Burrill on Assignments (6 Ed.), Sec. 283; 1 Pom. Eq. Jur., pp. 119, 470; 3 Ibid pp. 340, 342, 442; *Riddle v. Cameron,* 50 Ala. 263; *Guild v. Guild,* 16 Ala. 121; *Grier v. Rhyne,* 69 N. C. 346; *U. S. v. Crosby,* 7 Cranch. 115; *McCormick v. Sullivant,* 10 Wheat. 192.

Such deeds and conveyances are declared invalid, in the state where made, because they are repugnant to the statutes of that state.—*Chaffee v. Bank,* 71 Me. 524, 528; *Whitney v. Kelley,* 67 Me. 377; *Green v. VanBuskirk,* 7 Wall. 151; *Gillaudet v. Howell,* 35 N. Y. 657; *Philson v. Barnes,* 50 Penn. St. 230.

McCLELLAN, C. J.—The bill in this cause was filed by a judgment creditor of the West Point Mining & Manufacturing Company, a corporation under the laws of Alabama, to annul a deed of trust executed by it in this State to the Florence Loan & Trust Company, also an Alabama corporation, to secure all its creditors, upon the ground that the conveyance was fraudulent as to creditors. The property conveyed by the deed of trust, consisting of real and personal property appurtenant thereto, is situated in the State of Tennessee. The deed of trust was foreclosed by the trustees in this State under power of sale therein, and the property was ultimately conveyed to the United States Iron Company, a corporation under the laws of the State of New Jersey, by whom it is now held. The United States Iron Company demurred to the bill upon the ground that the property conveyed by the deed of trust is situated in the State of Tennessee. From the decree overruling the demurrer this appeal is taken.

In Bump on Fraudulent Conveyances, p. 498, it is said "The courts of one state have no jurisdiction or authority to set aside a fraudulent conveyance of land situate in another state." In the case of *Lide, et al. v.*

*Parker, Executor,* 60 Ala. 165, construing § 3886 of the Code of 1876, authorizing a creditor without a lien to file a bill in chancery to subject, to the payment of his debt, any property fraudulently conveyed by the debtor, it was held that the property referred to by the statute was property within the State of Alabama. The Court said, "It cannot be presumed that the legislature meant to give to its enactment, if it could do so, an extra-territorial operation or to authorize courts of equity here, through their power over parties within their jurisdiction, to appropriate real and personal property situated in another state, for the payment of simple contract creditors in Alabama, or elsewhere." Section 3886 of the Code of 1876 was adopted into the Code of 1886, and readopted into the Code of 1896. As has been repeatedly held, this was an adoption of the previous judicial construction.

There is no distinction in principle between a bill to set aside a conveyance of property situated in another state, fraudulently transferred, filed by a judgment creditor, and one filed by a simple contract creditor. The relief is the same in both cases. To hold that a fraudulent conveyance of property situated in another state may be avoided in the courts of this State by a judgment creditor, when it cannot be done by a simple contract creditor, would effect a discrimination in favor of judgment creditors against simple contract creditors in the matter of such relief. This would be opposed to the intention of the legislature, repeatedly declared by this Court, to give to simple contract creditors an equal right with judgment creditors to reach property subject to the payment of debts which has been fraudulently transferred.—*Lehman v. Meyer,* 67 Ala. 396. "Property" was used in the same sense in both statutes.

It is averred in the bill that the execution of the deed of trust was never properly authorized by the shareholders of the West Point Mining & Manufacturing Company. The formalities averred to have been disregarded were for the benefit of the shareholders of the company and, if they acquiesce, others cannot complain.—*Nelson v. Hubbard, et al.,* 96 Ala. 238.

For the reasons above given, the decree of the chan-cellor must be reversed and a decree here rendered, sus-taining the demurrer to the bill and remanding the cause.

Reversed, rendered in part and remanded.

TYSON, DOWDELL, ANDERSON and DENSON, J.J., con-curring.

SIMPSON, J., not sitting.