[First National Bank of Jacksonville v. Henderson.]

chancellor overruling the demurrer will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.

# First National Bank of Jacksonville v. Henderson.

## *Bill to Declare Deed a General Assignment.*

(Decided June 18, 1914. 65 South. 949.)

*Assignments; Benefit of Creditors; Constructive; Conveyances to Preferred Creditors.*—Under section 3230, Code of Georgia of 1910, a conveyance of land in Georgia, in payment of a debt due the grantor, constituting substantially all of the property of the grantor, was valid, though the parties to the conveyance were domiciled in Alabama, and the conveyance was executed and delivered in this state; this is true notwithstanding the provisions of section 2126, Code 1876.

APPEAL from Talladega Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by the First National Bank of Jacksonville against R. W. Henderson to have a certain deed declared a general assignment for the benefit of creditors. Decree for respondent and complainant appeals. Affirmed.

WILLETT & WILLETT, for appellant. The contract is an Alabama contract and should be governed by the laws of Alabama.—*So. Ry. v. Harrison,* 119 Ala. 639; 2 Mayf. 668; 30 Am. St. Rep. 823; 226 U. S. 112; 167 Mass. 211. Under the Alabama law, the conveyance must be treated as general assignment for the benefit of all creditors.—*Collier v. Wood,* 85 Ala. 91.

BLACKWELL & AGEE, for appellee. The point here discussed is stare decisis in Alabama.—*Danner v. Brewer*, 69 Ala. 191; *Nelson v. Goree*, 34 Ala. 365; 9 Cyc. 680; § 3230, Code of Georgia 1910; *Lyde v. Parker*, 60 Ala. 168. The property is beyond the jurisdiction of the court, and § 4295, Code 1907, cannot have extra territorial operation.

DE GRAFFENRIED, J.—At *common law* a debtor, "though in failing circumstances, or involved, could convey the whole or a part of his property, by assignment, or by any form of conveyance or transfer, operating, or intended to operate, as a security, to pay the whole or a part of his creditors in *unequal* proportions."—*Danner & Co. v. Brewer*, 69 Ala. 191.

To provide against preferences in general assignments the Legislature of this state adopted a statute, which appeared in the Code of 1876 as section 2126, and which was in the following language:

"Every general assignment, made by a debtor, by which a preference or priority of payment is given to one or more creditors, over the remaining creditors of the grantor, shall be, and inure, to the benefit of all the creditors of the grantor equally."

After the above-quoted law went into effect an assignment with preferences was executed by a failing debtor in this state. Included in the assignment were lands situated in the state of Mississippi. In construing the above statute this court, in the case of *Danner & Co. v. Brewer*, *supra*, held that the preferences were void as to all the property covered by it, except as to the lands in Mississippi. As to the lands in Mississippi, this court, speaking through BRICKELL, C. J., said:

"The statute is in abrogation of the common law; is introductive of a new principle, giving to the assign-

ments to which it refers an operation and construction different from that which the common law attached to them. The presumption is the common law prevails in Mississippi, where a part of the lands embraced in the mortgage is situated. *The law of Mississippi, not the law of Alabama,* must determine the nature and extent of the estate and interest, legal or equitable, passing by the mortgage in and to the lands there situate.—Story, Con. Laws, § 445; *Nelson v. Goree,* 34 Ala. 565. The principle is quite universal that real estate, as to its enjoyment and transmission, is governed by the law of the place where it is situated."

The gist of the decision of this court in the above case was that in Alabama, where a statute prohibited preferences in a general assignment, none would be allowed by our courts as to lands situate in this state, but that as to lands situated in the state of Mississippi, the lex rei sitæ governed, and that as such preferences were permissible at common law, which, in the absence of evidence to the contrary, was presumed to prevail in Mississippi, our court would uphold such preferences as to the lands in Mississippi. In other words, this court, in the above case, upheld the preferences in so far as the Mississippi lands were concerned, because, under the laws of Mississippi, such preferences were lawful. As to the lands in Mississippi, this court applied to the instrument under attack the laws of Mississippi.

The facts in this case are succinctly stated by the counsel for appellant in their brief, and we copy the following from their brief:

"The bill in this case was filed by appellant for the purpose of having a certain deed made by the Taylorsville Ginning Company, a corporation chartered under the laws of the state of Alabama, to certain real estate located at Taylorsville in the state of Georgia in con-

sideration of a past-due indebtedness to the Jacksonville Oilmills Company, declared to be a general assignment for the benefit of all the creditors of Taylorsville Ginning Company, upon the following facts:

"The Taylorsville Ginning Company was a corporation incorporated under the laws of the state of Alabama, and being seized and possessed of certain real estate located at Taylorsville, Ga., and being indebted to the Jacksonville Oilmills Company in the sum of $1,000, which was a past and not a present indebtedness, in payment of said indebtedness and $1,000 present consideration, it made, executed and delivered to Jacksonville Oilmills Company a deed to certain property, which was duly signed, acknowledged, and recorded in the state of Georgia where the land was situated and it was shown that this was substantially all the property that it possessed; that at the time of the execution of said deed the Taylorsville Ginning Company was indebted to appellant, who was then known as Treadegar National Bank, but whose name has been changed to First National Bank of Jacksonville in the sum of $5,-100, which indebtedness has never been paid. It was shown that the deed conveyed substantially all of the property of the Taylorsville Ginning Company subject to execution, and was in payment of a prior debt to the extent of $1,000. It was further shown that the property described in said conveyance was real estate situated in Bartow county, Ga., and is now in possession of R. W. Henderson as trustee in bankruptcy of the creditors of Jacksonville Oilmills Company, said Jacksonville Oilmills Company being a corporation chartered under the laws of Alabama, which by voluntary proceedings in bankruptcy was duly adjudged a bankrupt by United States Court for the Eastern Division of the Northern District of Alabama, and that said R. W. Hen-

derson was duly appointed trustee for creditors, qualified as such and entered upon his duties as such trustee. It was further shown that at the date of said conveyance, to wit, the 25th of September, 1908, there was in force and effect in the state of Georgia a statute of. said state, being section 3230 of the Code of Georgia, reading as follows: 'A debtor may prefer one creditor to another, and to that end he may bona fide give a lien by mortgage or other legal means, or may sell in payment of debt, or he may transfer as choses in action as collateral security the surplus in such cases, not being reserved for his own benefit.' And that statute is still in force and effect."

The contention of counsel for appellant is, to quote from their brief:

"We claim that the act itself, namely, conveying substantially all of its property in payment of a prior indebtedness, and being at the time insolvent, operated as a general assignment for the benefit of all its creditors by virtue of the statute of Alabama against such conduct."

The above-quoted statute of the state of Georgia we think controls this case. Alabama does not now permit a failing debtor to make such preferences as are indicated in the above statement of fact, but the state of Georgia does. The lands described in the deed are situated in the state of Georgia, and our statutes have no operation upon lands situated in that state. If the state of Georgia sees proper to permit a landowner of that state, although insolvent or in failing circumstances, to prefer a creditor by conveying to him in payment of his debt *all* of his lands situate in the state of Georgia, the courts of this state must recognize the validity of the conveyance. The fact that the parties to the conveyance were domiciled in Alabama, and that the convey-

ance was executed and delivered in this state in no way helps appellant.—*Nelson v. Goree*, 34 Ala. 565; *Danner v. Brewer, supra; Lide v. Parker*, 60 Ala. 168.

The decree of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.