## RICHBURG v. MASSACHUSETTS BONDING & INS. CO.

Civ. A. No. 2186.

District Court, W. D. Louisiana, Shreveport Division.

Nov. 14, 1947.

Booth, Lockard & Jack, of Shreveport, for plaintiff.

Meadors, Shaw & Meadors, of Homer, La., for defendant.

DAWKINS, District Judge.

Plaintiff sued the insurer alone of Jesse R. Madden, the above defendant, for personal injuries alleged to have been caused by the negligent operation of an automobile. Defendant moved to dismiss the complaint for the reason that it does not state

a cause of action or a claim on which relief can be granted. The basic contention is that Act No. 55 of the State Legislature of 1930, giving the right to sue the insurer alone in such cases, does not apply in the Federal Courts. The reasons stated are as follows:

(1) That the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, governing in these cases are exclusive and they do not provide for a direct action against the insurer as is attempted in this case; (2) regardless of whether Act No. 55 of 1930 may be applied in the Federal Courts, the Act itself provides that the venue of such an action shall be either in the parish where the accident happened or at the domicile of the insured, and to avail himself of its benefits the litigant must accept its restrictions; and that this suit, having been filed at Shreveport in Caddo Parish, it does not comply with every requirement; (3) that this court is without jurisdiction.

■■ Taking these points up in reverse order, the complaint alleges that the plaintiff is a citizen of Louisiana, and that the defendant, a foreign corporation, has qualified to do business in this state, and has appointed the Secretary of State its agent for the service of process. The amount involved exceeds $3,000. It was held in Neirbo v. Bethlehem Shipbuilding Corp., 308 U. S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A. L.R. 1437, that by qualifying to do business under the laws of the state, a foreign corporation consents to be sued upon causes of action arising out of the business done in the state, and this includes the Federal courts, which have jurisdiction concurrently with those of the state.

■ As to the second point the jurisdiction and power of a Federal Court is coextensive with its territorial limits, and a cause of action arising within a division may be prosecuted, both as a matter of jurisdiction and of venue in such division, the same as in a parish of a district of a state in which it arose. It could hardly be said that a resident of another state could not bring such a suit as this in the state court in the parish where the accident occurred, and if so, to hold that such a plaintiff could not avail himself of the provisions of the Federal Constitution and laws by resorting instead to the proper Federal Court, would have the effect of saying the state could by thus curtailing its legislation deny him a constitutional right. See 56 Fed.Dig., Removal of Causes, ⟲3.

■■ The statute does not in so many words purport to deny any such right, but if interpreted as counsel for defendant contends, it would have the effect of forcing the plaintiff into a state court in all cases save those where the accident happened in the five parishes, among some forty, in the Western District, where the Federal Court sits. It is the duty of this court to construe this statute, if it can be reasonably done, as not having such result. This, I think, is accomplished by the construction that this court would have venue of any action where the accident occurred within any of the parishes in a given division. See Anderson v. Standard Accident Ins. Co., D.C., 36 F.Supp. 7.

■ As to the first proposition urged by defendant, the real controversy in this case is as to whether the defendant, by virtue of its agreement to hold the insured harmless to the amount of the policy for damages claimed of this nature, has substituted itself for its principal and thereby assumed the duty of defending demands by claimants against the latter. In its policy, contrary to the law of the state of Louisiana, it attempts to require its insured to be sued first, but that stipulation in causes of action in this state is treated as if not written, for by entering the state to do business it consented to be bound by the law invoked here, that is, that it might be sued separately for causes of action arising against its insurer and for which it has assumed liability. It is entitled to assert any and all defenses which might be urged by the insured and the suit becomes one between itself and the plaintiff, as to whether or not, in its substituted position, the facts and law as they may develop on the trial, establish a right to recovery.

■ It is conceded by both sides that the state court and the Federal Court for this

circuit have held that Act 55 of 1930 is procedural. This, of course, is also true of the rules of civil procedure. When Congress authorized the Supreme Court to formulate the latter, it must be assumed, I think, that it was contemplated when they became effective in the manner proscribed, they should replace any other provisions of Federal law dealing with matters of procedure, whether of its own prior rules or any Federal statute, where they were in conflict, but only those which were in conflict. No provision appears in the new rules permitting a suit to be maintained separately against an insurer such as this. Therefore, the Conformity Act, 28 U.S.C.A. §§ 724, 726, 727, to the extent that it permits parties to avail themselves of remedies not covered by the rules, has not been repealed. See Simkins on Federal Practice, Sec. 4, p. 4; State Farm Mutual Automobile Ins. Co. v. Smith, D.C., 48 F. Supp. 570.

I do not think it necessary to consider the question of whether the Supreme Court acted within the powers delegated to it by Congress when it authorized District Courts to make further rules not inconsistent with its own. No such rule has been adopted by this court and I am of the view that the state statute permitting the suing alone of the insurer has application here.