## CALDWELL v. CROWELL–COLLIER PUB. CO.

### No. 152–T–Civ.

United States District Court
N. D. Florida, Tallahassee Division.
March 22, 1949.

See, also, 5 Cir., 170 F.2d 941.

Caldwell, Parker, Foster & Wigginton, of Tallahassee, Fla., for plaintiff.

Chester H. Ferguson (of MacFarlane, Ferguson, Allison & Kelly), of Tampa, Fla., and Robert R. Milam (of Milam, McIlvaine, Carroll & Wattles), of Jacksonville, Fla., for respondent.

DE VANE, District Judge.

Prior to the trial of this case a motion was made for a change of venue and denied. In the opinion of the Court of Appeals for the Fifth Circuit, dated December 7, 1948, 170 F.2d 941, 945, reversing the judgment entered in said case and remanding the case for further and not inconsistent proceedings, the court said, "a change of venue, if requested, should be granted."

Defendant has filed herein its second motion for change of venue requesting, (1) that the case be transferred to another United States District Court for trial and (2) subject to the ruling of the court upon the foregoing and should the court hold that it does not have the authority to transfer said cause to another United States District Court, that said cause be transferred to the Gainesville Division of this court for trial.

The matter was fully argued before the court and the court finds and holds that upon the showing made in this case it is without authority to transfer said cause to another United States District Court. See Levenson (Spielberger et al., Intervenors) v. Little et al., 81 F.Supp. 513.

Counsel for plaintiff vigorously objects to the case being transferred to the Gainesville Division of this court for trial (1) upon the ground it will result in some delay in a speedy trial of the case, and (2) upon the further ground that defendant should not be permitted to choose the Division in which the case is to be tried. While there is much merit to the objections of counsel for plaintiff to the transfer of this case to the Gainesville Division it is the opinion of this court that since it is required to transfer the case to some other Division, the Gainesville Division is the only one where the case may be appropriately transferred. The fact that plaintiff has just completed a term as Governor of the State of Florida and is a resident of Tallahassee, are the grounds assigned for ordering a change of venue. For some years prior to moving to Tallahassee he represented the Third Congressional District of Florida in the Congress of the United States and during that time and for many years prior thereto, resided in Milton, Florida. Therefore, if it be true that his residence in Tallahassee while Governor of Florida and for a short time prior thereto is sufficiently prejudicial against defendant to require that this case be removed from the Tallahassee Division, such grounds make it equally improper to try the case in the Marianna or Pensacola Division of this court.

While this court is of the opinion that defendant would receive a fair trial in any Division of this court, in obedience to the opinion of the Court of Appeals for the

Fifth Circuit, the case will be transferred to the Gainesville Division and the case will be set for trial at 10:00 A.M., June 27, 1949.