Barbara HASBURGH, Plaintiff,

v.

EXECUTIVE AIRCRAFT CO.,
a corporation,

and

Capital City Telephone Company,
a corporation,

and

Jefferson City, Missouri, a municipal
corporation,

and

Carl F. Wymore, Administrator w/w/a
of the Estate of Robert L. Mehornay,
Jr., Defendants.

No. 14868-4.

United States District Court
W. D. Missouri, W. D.

July 1, 1964.

Shughart, Thomson & Kilroy, by John Caslavka, Hillix, Hall, Hasburgh, Brown & Hoffhaus, by Albert F. Hillix, Kansas City, Mo., for plaintiff.

McKenzie, Williams, Merrick, Beamer & Stubbs, Jack G. Beamer, Kansas

City, Mo., for Executive Aircraft and Carl F. Wymore.

Houts, James, Hogsett & McCanse, by Thad. McCanse and J. D. James, Kansas City, Mo., for Capital City Telephone Co.

Rogers, Field & Gentry, by Lyman Field, Kansas City, Mo., for City of Jefferson City, Missouri.

BECKER, District Judge.

In this diversity action for wrongful death of the plaintiff's deceased husband, plaintiff alleges that the death of her husband resulted from the collision of a plane (in which he was a passenger for hire) with a telephone wire at or near the runways of the Jefferson City Municipal Airport on September 13, 1963. The crash is alleged to have resulted from the combined negligence of the three corporate defendants and Robert L. Mehornay, Jr., deceased, the pilot of the plane.

Defendant Executive Aircraft Company has filed a cross-claim against defendant City of Jefferson City, Missouri, and defendant Capital City Telephone Company. The cross-claim alleges that the plane crash was the result of the negligence of said co-defendants and seeks to recover for damage to the plane.

Defendant City of Jefferson City has filed a motion to dismiss the complaint and the cross-claim for lack of proper venue, contending that both plaintiff's complaint and the cross-claim disclose that it is a municipal corporation; that this Court judicially knows that the seat of government of said municipal corporation is situated in Cole County, Missouri; that under Section 508.050, RSMo 1959, both the claim and cross-claim against it are local; that therefore the action must be brought and maintained in the District and Division where the municipal corporation is situated and maintains its seat of government, the Central Division of the Western District of Missouri.

## VENUE OBJECTION TO CROSS-CLAIM

At the outset it must be noted that normally no venue objection can be raised to the cross-claim since venue provisions normally relate to the institution of suit. 3 Moore, Federal Practice ¶ 13.36, pp. 97–98; 1A Barron and Holtzoff, Federal Practice and Procedure § 395, p. 589. In this cause the disposition of the venue objection raised to the main action will, in any event, govern objection to the ancillary action under the authorities cited. Moore at page 98, Barron and Holtzoff at page 589.

## CHOICE OF LAW

Although the better view, and the view espoused by the commentators, is that whether an action is local or transitory for federal venue purposes should be determined by a uniform federal rule, the numerical weight of the decided cases holds that the state law and public policy of the forum is determinative of this issue. 1 Moore, Federal Practice ¶ 0.142 [2.–2], pp. 1461–62; 1 Barron and Holtzoff, Federal Practice and Procedure § 72, p. 367; Wright, Federal Courts, § 42, p. 135. In 1811 Chief Justice Marshall was "decidedly of opinion" that the federal courts must decide the question for themselves, Livingston v. Jefferson (C.C.D. Va.) 15 Fed.Cas. 660, No. 8,411, but oddly enough the later cases to the contrary largely rely on dicta erroneously describing what Marshall had held. See Wright, Federal Courts § 42, p. 135, n. 60. Despite this theoretical error this Court feels bound to follow the weight of authority and to apply Missouri standards, unless and until the rule is changed by higher authority.

## MISSOURI LAW

Under the common law as interpreted by perhaps a majority of jurisdictions, actions against municipal corporations have been considered local and not transitory. 38 Am.Jur., Municipal Corporations ¶ 716; 64 C.J.S. Municipal

Corporations § 2203. In Missouri this rule has been codified and appears in Section 508.050, RSMo 1959, as follows:

"Suits against municipal corporations as defendant or codefendant shall be commenced only in the county in which the municipal corporation is situated, or if the municipal corporation is situated in more than one county, then suits against the municipal corporation shall be commenced only in that county wherein the seat of government of the municipal corporation is situated; except that suits may be brought against a city containing more than four hundred thousand inhabitants in any county in which any part of the city is situated."

## VENUE OF LOCAL ACTIONS

■ While there are no express statutory provisions so stating,[1] it has become a firmly established principle of law that the location of the res which is the subject matter of the local action determines the proper venue of such action. 1 Moore, Federal Practice ¶ 0.142 [2.–1], p. 1455; 1 Barron and Holtzoff, Federal Practice and Procedure § 72, p. 362; Wright, Federal Courts § 42, pp. 134–35.

■ Again there is no specific statute holding that a local action must further be brought in the particular *division* of the district wherein the res is located, but the cases assume that that is the rule. And where by the state law of the forum the action is required to be brought in a particular state forum, ordinarily a county, the cases assume that the action must be brought in the particular division of the federal court in which that state forum is located. See, e. g., Big Robin Farms v. California Spray-Chemical Corp. (W.D.S.C.) 161 F. Supp. 646, l. c. 650

## CONCLUSION

The rules set forth above are questionable when applied to an ordinary tort action against a municipal corporation and ought to be re-examined But to do so in this case might jeopardize the plaintiff's cause of action since under Missouri law an action for wrongful death must in all events be brought within one year. Section 537.100, RSMo 1959.

■ For this reason the cause of action against the defendant City of Jefferson City will be dismissed without prejudice. The cause could probably be transferred under Title 28 U.S.C.A. § 1404(a) or 1406(a), but there is no need to complicate the record when it appears that under the controlling state law the plaintiff can refile the action in the Central Division of this Court without prejudice to her right to maintain the action. Spencer v. Bradley (Mo.Sup.) 351 S.W. 2d 202.

It is therefore

Ordered that the motion of defendant City of Jefferson City, Missouri, to dismiss be, and the same is hereby, granted, and that the cause of action against that defendant be, and it is hereby, dismissed without prejudice.

What has been said also disposes of the motion of defendant City of Jefferson City to dismiss the cross-claim filed by defendant Executive Aircraft Company.

---

1. But note that Title 28 U.S.C.A. § 1392 (b) does provides that where property is located in different districts in the same state the action may be brought in any of such districts.