**Robbie Clay ARD, As Special Administratrix of the Estate of James Haynie Ard, Deceased, Plaintiff,**

**v.**

**Harry LAMENSDORF and Mrs. Harry (Fannie B.) Lamensdorf, Defendants.**

**Robbie Clay ARD, Plaintiff,**

**v.**

**Harry LAMENSDORF and Mrs. Harry (Fannie B.) Lamensdorf, Defendants.**

**Nos. LR–67–C–94, LR–67–C–95.**

United States District Court
E. D. Arkansas, W. D.

Aug. 9, 1967.

Robert V. Light, Little Rock, Ark., Gavin M. Gentry, Memphis, Tenn., for plaintiff.

Robert S. Lindsey, Little Rock, Ark., David Solomon, Helena, Ark., for defendant.

Memorandum Opinion

HENLEY, Chief Judge.

These two diversity cases are now before the Court on the motions of the defendants for a change of venue from the Western (Little Rock) Division of the Eastern District of Arkansas to the Eastern (Helena) Division of the District. Plaintiff opposes the motions, and both sides have now submitted statements of reasons and authorities in support of their respective positions.

The action arises out of an automobile accident which took place in Monroe County in the Eastern Division in late February 1966. As a result of the accident, James Haynie Ard was killed, and his wife, Robbie Clay Ard, sustained personal injuries. The other parties involved in the accident were Mr. and Mrs. Harry Lamensdorf.

Mrs. Ard was appointed Special Administratrix of her husband's estate by the Probate Court of Monroe County. She is a citizen of Dallas, Texas. Mr. and Mrs. Lamensdorf are citizens of Mississippi.

In July of the current year Mrs. Ard filed two suits in this Court on the basis of diversity of citizenship between herself and the Lamensdorfs. The first suit, No. 94, has been brought by Mrs. Ard in her representative capacity to recover on account of the death of her husband. In the second suit, No. 95, Mrs. Ard seeks to recover for her own personal injuries. The amount in controversy in each case is in excess of $10,000.

As to venue, the position of the defendants is that the Eastern Division is a more convenient forum than the Western Division. Plaintiff contends to the contrary.

Prior to the adoption of 28 U.S.C.A. § 1391(f) in 1963 plaintiff, in the absence of a waiver of venue, could not have maintained these suits as original actions in federal court in Arkansas. She would have been required to file her federal suits either in the Northern District of Texas where she resides, or in the North-

ern District of Mississippi where the defendants reside. 28 U.S.C.A. § 1391(a).

Further, had she elected to sue in the Northern District of Mississippi, she would have been required to sue in the Delta Division of that District, which is the Division where the defendants reside. 28 U.S.C.A. § 1393.

Had she chosen to sue in the Arkansas State courts, as she might have done, she would have been required to file her suits in the Circuit Court of Monroe County where the accident occurred. Ark.Stats., Ann., § 27–610. Had such a suit been removed to federal court, the removal would have been to the Eastern Division of the Eastern District of Arkansas. 28 U.S.C.A. § 1441(a).

However, 28 U.S.C.A. § 1391(f), provides that any civil action on a tort claim arising out of the manufacture, assembly, repair, ownership, maintenance, use or operation of an automobile may be brought in the judicial district wherein the act or omission complained of occurred.

In view of the provisions of section 1391(f) it is clear that venue of these cases is properly laid in the Eastern District of Arkansas, and defendants do not contend to the contrary. However, section 1391(f) does not in terms deal with intra-district venue in a district having more than one division.

Intra-district venue is dealt with up to a point by section 1393. Section 1393 (a) requires that, except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division be brought in the division where he resides. And section 1393(b) provides that any such action against plural defendants residing in different divisions of the same district or different districts in the same State may be brought in any of such divisions.

It is clear that section 1393 does not cover the situation presented here in which a plaintiff has brought original actions in federal court in the district where the automobile accident complain-

ed of occurred and in which neither plaintiff nor defendant is a citizen of that district. If, as here, the district in which the accident occurred has more than one division, the problem of intra-district venue is simply not covered by the federal venue statutes. That problem does not seem to have occurred to the Congress when it adopted section 1391(f); at least the problem is not mentioned in the legislative history. See 1963 U.S.Code Cong. & Adm.News, p. 1373 et seq.

Defendants' motions seem to be based entirely on 28 U.S.C.A. § 1404(a), which provides that for the convenience of parties and witnesses, in the interest of justice, a federal district court may transfer any civil action to any other district or division where it might have been brought. And in their respective statements the parties have limited their discussions to the matter of convenience of forum.

As far as convenience of forum is concerned, there is little real difference between the Eastern Division and the Western Division. The Western Division is somewhat more convenient to plaintiff; the Eastern Division is somewhat more convenient to defendants. As far as witnesses are concerned, there is little choice between the two divisions.

 It seems to the Court, however, that there is a more basic consideration in the case. While a claim arising out of an automobile accident is ordinarily considered to be a "transitory action," such an action in Arkansas is localized by Ark.Stats. § 27–610 which has been mentioned, and, as stated, had plaintiff sued in the Arkansas courts she would have been required to sue in Monroe County. Such being the case, the Court thinks that she was required to bring her federal suits in the Eastern Division of this District.

A somewhat similar problem was before Judge Becker of the Western District of Missouri in Hasburgh v. Executive Aircraft Co., W.D.Mo., 35 F.R.D. 354. In that case the plaintiff was injured as a result of the alleged combined negli-

gence of plural defendants, including the City of Jefferson City, Missouri, which is located in the Central Division of the Western District of that State. Under Missouri law a suit against a municipal corporation is in general localized in the County where the municipality is located. R.S.Mo., 1959, § 508.050. The plaintiff filed her suit in the Western Division of the Western District, and the City moved to dismiss as to it on account of improper venue. The City's motion was granted.

The Court said (p. 356 of 35 F.R.D.):

"While there are no express statutory provisions so stating, it has become a firmly established principle of law that the location of the res which is the subject matter of the local action determines the proper venue of such action. 1 Moore, Federal Practice ¶ 0.142 [2.–1], p. 1455; 1 Barron and Holtzoff, Federal Practice and Procedure § 72, p. 362; Wright, Federal Courts § 42, pp. 134–135.

"Again there is no specific statute holding that a local action must further be brought in the particular *division* of the district wherein the res is located, but the cases assume that that is the rule. And where by the state law of the forum the action is required to be brought in a particular state forum, ordinarily a county, the cases assume that the action must be brought in the particular division of the federal court in which that state forum is located. See, e. g. Big Robin Farms v. California Spray-Chemical Corp. (W.D. S.C.) 161 F.Supp. 646, l. c. 650."

█ While the principles stated and applied by Judge Becker have been criticized, the Court thinks that the result they dictate in this case is a sound and practical one. That is to say, the Court thinks that it is sound and in the interest of the orderly distribution of judicial business to require a plaintiff who sues in a particular district solely on the basis of section 1391(f) to bring his or her action in the division where the act or omission complained of occurred if the district has more than one division. That division is the one which is geographically connected with the case, and it is the one which is ordinarily the more convenient forum. Further, the requirement tends to discourage forum shopping in a multi-division district.

Accordingly, these cases will be transferred to the Eastern Division of this District.