**Mrs. Alice Murphy LIBBY et al.,
Plaintiffs,**

v.

**Thomas A. RUSSELL, Defendant.**

**No. DC 72–23–S.**

United States District Court,
N. D. Mississippi,
Delta Division.

Sept. 20, 1972.

Richard T. Phillips, Batesville, Miss., for plaintiffs.

John W. Whitten, Jr., Sumner, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This cause is now before the court on the defendant's motion for an intradistrict transfer from the Delta (Clarksdale) Division to the Western (Oxford) Division of the Northern District of Mississippi. Construing venue in a narrow sense, it is a motion for a change of venue in a multi-division district under the authority of 28 U.S.C.A. § 1404(a), which provides: "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiffs oppose the motion, and both sides have submitted memoranda in support of their respective positions.

The motion grows out of an action for alleged wrongful death brought by a decedent's widow and minor children. See, § 1453 Miss.Code Ann. (Supp.1971). All of the plaintiffs are residents of the State of New York; the defendant is a resident of Memphis, Tennessee. The decedent was killed in an automobile accident which occurred in Marshall County, Mississippi; designated by statute as part of the Western (Oxford) Division

of the Northern District of Mississippi. 28 U.S.C.A. § 104(a). Diversity of citizenship forms the basis of federal jurisdiction.

Venue, in the broader sense of an entire district, would apparently be proper in: (1) the Northern District of Mississippi, (2) the Western District of Tennessee and (3) a district of New York. 28 U.S.C.A. § 1391(a). In exercising their statutory right to select a forum, the plaintiffs chose the Northern District of Mississippi. For reasons known only to the plaintiffs and their counsel, the action was instituted in the Delta (Clarksdale) Division. The question now before the court is the proper venue of this action where venue is gauged in terms of a division.

The defendant contends that either division would be equally convenient to the parties and their counsel; however, the Western (Oxford) Division is more convenient for anticipated defense witnesses. At this juncture, it would be appropriate to indicate clearly that the convenience of counsel is the least important consideration in resolving an issue of this nature. The plaintiffs contend that their choice of forum should not be disturbed unless strongly outweighed by countervailing factors. The court will merely assume, without deciding, that "forum" may mean either a district or a division within that district.

This court has no local rule which governs the filing of transitory actions, where neither party is a state resident, in the respective divisions. Neither 28 U.S.C.A. § 1393(a), which provides that transitory actions against a single defendant in a multi-division district must be brought in the division where he resides, nor 28 U.S.C.A. § 1404(b), which provides that the parties may consent or stipulate as to the trial division, is applicable in the case *sub judice*.

There are, however, certain basic statutory considerations presented. As indicated above, Marshall County, the site of the fatal accident, is located

within the Western (Oxford) Division. Moreover, had this action been filed in state court, venue would have apparently been proper in the Circuit Court of Marshall County. § 9352–61 Miss.Code Ann. (Supp.1971). Had the action been originally brought in state court and removed to federal court, the removal would have been to the Western (Oxford) Division of this district. 28 U.S.C.A. § 1441(a).

Both Clarksdale and Oxford would appear to be mutually convenient to the out-of-state parties. Oxford is perhaps slightly more convenient for anticipated defense witnesses who are residents of Mississippi.

The interest of justice is a consideration equally as important as the convenience of parties and witnesses. The question has been considered before in a case remarkably similar to this action, and resolved in words which are applicable here:

> " . . . it is sound and in the interest of the orderly distribution of judicial business to require a plaintiff who sues in a particular district solely on the basis of section [1391(a)] to bring his or her action in the division where the act or omission complained of occurred if the district has more than one division. That division is the one geographically connected with the case, and it is the one which is ordinarily the more convenient forum. Further, the requirement tends to discourage forum shopping in a multi-division district." Ard v. Lamensdorf, 272 F.Supp. 268, 271 (E.D.Ark.1967). See also, Richburg v. Massachusetts Bonding & Ins. Co., 74 F.Supp. 442 (W.D.La.1947), McNeil Construction Co. v. Livingston State Bank, 155 F.Supp. 658 (D.Mont.1957). Cf., Caldwell v. Crowell-Collier Publishing Co., 83 F.Supp. 331 (N.D.Fla.1949).

It is doubtful whether the choice-of-forum maxim is applicable where, as here, the dispute centers around divisions within a district. Even if it is applicable, it is not the controlling factor in determining whether a federal district court can, for the convenience of parties and witnesses, and in the interest of justice, transfer an action; ultimately the district judge must weigh the appropriate factors and exercise his discretion. Garner v. Wolfinbarger, 433 F.2d 117 (5th Cir. 1970).

For the reasons enumerated above, the court concludes that the defendant's motion should be sustained and this cause transferred to the Western (Oxford) Division. An appropriate order will be entered.