**ALLIED PRODUCTS CORPORATION,**
**Plaintiff,**

v.

**TRINIDAD PETROLEUM CORPORA-**
**TION and Edwin P. Alexander,**
**Defendants.**

**Civ. No. CV83–PT–0454–S.**

United States District Court,
N.D. Alabama, S.D.

Sept. 15, 1983.

H. Thomas Wells, Jr., Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for plaintiff.

F. Wayne Keith, Keith, Keith & Keith, P.A., Birmingham, Ala., for defendants.

### MEMORANDUM OPINION

PROPST, District Judge.

This cause comes on to be heard on the defendants' separate Motions to Dismiss. On October 14, 1982, the plaintiff, Allied Products Corporation, obtained a judgment in this court against defendant Trinidad Petroleum Corporation (Trinidad) for $300,-472.99. Plaintiff's complaint in this diversity action alleges that Trinidad fraudulently conveyed oil, gas, and mineral interests in land located in Louisiana, Texas, and New Mexico to Edwin P. Alexander (Alexander). On August 18, 1983, this court preliminarily determined that this court had personal jurisdiction over Alexander, but questioned whether this cause was properly presented to a federal district court in the Northern District of Alabama in light of *Kimbrough v. Hardison,* 263 Ala. 132, 81 So.2d 606 (1955), and *West Point Mining & Mfg. Co. v. Allen,* 143 Ala. 547, 39 So. 351 (1904). The major issue in this case is whether this court may hear the merits of this action, or whether the case must be brought in a court with territorial jurisdiction over some of the real property involved. *See Nelson v. Teal,* 293 Ala. 173, 301 So.2d 51 (1974) (oil and gas lease is real property). All parties filed briefs on this question.

### Personal Jurisdiction

The personal jurisdiction with regard to Trinidad is obvious. Its principal place of business is in Alabama.

The issue with regard to Alexander is somewhat more questionable. However, the court has concluded that it has personal jurisdiction over Alexander because the court concludes that it was reasonably foreseeable by Alexander that his "transaction would have consequences in this state." Further, that defendant "had good reason to expect to be sued in an Alabama court...." *Alabama Waterproofing Company v. Hanby,* 431 So.2d 141, 145–46 (Ala. 1983); *Kulko v. California Supreme Court,* 436 U.S. 84, 97–98, 98 S.Ct. 1690, 1699–1670, 56 L.Ed.2d 132 (1978). The court reaches this conclusion based on the fact that Alexander's transaction was with a firm whose principal place of business is in Alabama and that the transaction took place shortly after a judgment was obtained against that Alabama firm in an Alabama court. The court attaches no weight to the appearance

of Alexander in Alabama to testify other than the inference that it raises that he became knowledgeable of the judgment. Furthermore, the transactions made the basis of the suit were consummated in Alabama. If a fraud was perpetrated, Alabama certainly has a nexus with that fraud and it has an effect on the collection of an Alabama judgment.

The trend has been away from a consideration of "contacts" *per se* within the state to a consideration of "foreseeability" and "expectancy." The court ultimately concludes that it does not offend traditional notions of fair play and substantial justice to require Alexander to defend the suit in Alabama. *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Due process requirements are satisfied. *Walker v. Newgent,* 583 F.2d 163 (5th Cir.1978).[1]

### Subject Matter Jurisdiction and Venue

In determining this question, an overriding consideration for this court is the *Erie* doctrine. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), has been interpreted as requiring federal courts in diversity actions to apply state substantive law and federal procedural law. *See Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). This interpretation is consistent with the Rules of Decision Act, 28 U.S.C. 460 (1965), which provides that the laws of the several states, except where federal law otherwise requires, are rules of decision in civil actions in federal courts where such laws apply. The basic purpose of the *Erie* doctrine is to discourage forum shopping and avoid the inequitable administration of the law. *See Hanna,* 380 U.S. at 466–67, 85 S.Ct. at 1141–42. Another purpose of the *Erie* doctrine is to assure that the outcome of litigation in a federal diversity action is substantially the same as the outcome of the same litigation in a

state court. *Id.* at 468–70, 85 S.Ct. at 1142–43. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Although this "outcome determinative" test is not absolute, it is a strong consideration in determining the law and procedure in a diversity action. *Hanna,* 380 U.S. at 468–70, 85 S.Ct. at 1142–43.

The first issue to determine in deciding if this court has subject matter jurisdiction is: Whether state or federal law determines if an action is local or transitory?

Although much dispute exists, the weight of authority holds that state law governs whether an action is local or transitory. *See Humble Oil & Refining Co. v. Copeland,* 398 F.2d 364 (4th Cir.1968); *Josevig-Kennecott Copper Co. v. James E. Howarth Co.,* 261 F. 567 (9th Cir.1919); *Hasburgh v. Executive Aircraft Co.,* 35 F.R.D. 354 (W.D.Mo.1964); *see also Central Bank v. Boyles,* 355 So.2d 98 (Ala.Civ.App.1977), *cert. denied sub nom,* 355 So.2d 103 (Ala. 1978). *But see, Massie v. Watts,* 10 U.S. (6 Cranch) 148, 3 L.Ed. 181 (1810) (apparently deciding local/transitory question on federal law); *Livingston v. Jefferson,* 15 F.Cas. 660 (No. 8411) (C.C.D.Va.1811) (same). Under current Alabama law, an action by a creditor to set aside an alleged fraudulent conveyance of land located in another state is local and Alabama state courts have no jurisdiction to hear such actions. *See Kimbrough v. Hardison,* 263 Ala. 132, 81 So.2d 606 (1955); *West Point Mining & Mfg. Co. v. Allen,* 143 Ala. 547, 39 So. 351 (1904). *But see, First National Bank of Jacksonville v. Henderson,* 187 Ala. 285, 65 So. 949 (1914) (Alabama court decided whether conveyance of real property located in Georgia was assignment for benefit of creditors).

A second issue presented in this case is: Whether state or federal law determines if a federal district court has subject matter jurisdiction in a diversity action?

---

1. The court has not attempted to discuss *all* the possible contacts of Alexander with Trinidad and Alabama.

Two major problems exist with the case law discussing this issue. The first problem is that many cases are pre-*Erie*. The second problem is that the cases do not distinguish between subject matter jurisdiction, territorial jurisdiction, and discretion in exercising jurisdiction. As a starting premise, however, case law seems to establish that state law cannot affect, abridge, or impair federal court jurisdiction. *See Barrow S.S. Co. v. Kane,* 170 U.S. 100, 18 S.Ct. 526, 42 L.Ed. 964 (1898); *Watson v. Tarpley,* 59 U.S. 517, 15 L.Ed. 509 (1855); 32 Am.Jur.2d *Fed.Prac. & Proc.* § 5. This premise is logical, because the power and authority of the federal courts is derived from the Constitution and laws of Congress. *See* U.S. Const. Art. III, § 2; 28 U.S.C. §§ 81, 132, 1332.

■ Although as a broad premise, state law cannot abridge federal court jurisdiction, state public policy may affect the remedy a federal court may give because diversity jurisdiction must follow state public policy. *See Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); 32 Am.Jur. at 796. This is the result of *Erie* which is federal law that in essence incorporates state law. The result is that a federal court can have *the authority* to decide a case when a state court has no jurisdiction, but the federal court should not exercise such authority because of *Erie* considerations.

■ This court concludes that subject matter jurisdiction exists in this case, because a federal district court has subject matter jurisdiction, or the authority to hear a case, whenever the case is a civil action involving over $10,000.00, and diversity exists. *See* 28 U.S.C. § 1332. This does not mean that this court *should* hear this action, or that a cause of action exists, it only means that Congress has given this court the authority, absent other considerations, to decide this case if a case of action exists. *Cf. Chipser v. Kohlmeyer & Co.,* 600 F.2d 1061 (5th Cir.1979) (whether cause of action exists is not jurisdictional and may be assumed without being decided). *But see Minichiello Realty Associates, Inc. v. Britt,*

460 F.Supp. 896 (D.N.J.1978), *aff'd,* 605 F.2d 1196 (when action is local and place involved is beyond boundaries of court, matter is jurisdictional).

A third issue in this case is: Whether state or federal law determines venue in federal courts?

■ Similar to jurisdiction, a starting premise in determining proper venue is that state law cannot control venue in federal courts. *See Steel Motor Service, Inc. v. Zalke,* 212 F.2d 856 (6th Cir.1954); 1 MOORE'S FED.PRAC. ¶ 0.140[1.–3–1]; 32 Am.Jur. at 796. Since venue in federal courts is statutory and procedural, neither the Rules of Decision Act, nor *Erie* applies. *See* 1 MOORE'S FED.PRAC. ¶ 0.140[1.–3–1]. Therefore, venue in the instant action is proper in this court, because the alleged wrongful conveyance occurred in the Northern District of Alabama. *See* 28 U.S.C. § 1391. Again, state law and public policy might determine if a cause of action exists, or might affect the law that a federal court applies, but venue is solely a question of federal law, and under federal law, venue in this action is proper in this court.

Under the foregoing analysis, this court is in a rather unique situation. On the one hand, this court has determined that it has subject matter jurisdiction and venue is proper. On the other hand, this court has determined that if this action was before a state court, the state court would have no jurisdiction or would determine that no cause of action exists in this state. Therefore, to be consistent with *Erie,* this court should dismiss this action for failure to state a claim upon which relief can be granted, or at the least, transfer the action to a federal district court that has territorial jurisdiction over some of the real property involved. In this case, however, plaintiff has requested that before this action is dismissed or transferred, this court certify to the Alabama Supreme Court the question of whether an action to set aside a fraudulent conveyance of land located outside Alabama is local or transitory in light of a recent Alabama Supreme Court decision questioning the traditional distinction be-

tween local and transitory actions. *See Ex parte Teledyne Exploration,* 17 A.B.R. 3168 (1983).

■ Certification to the Alabama Supreme Court, however, would not end the inquiry of this court. If this action eventually is tried in this court, this court would have to decide what substantive law to apply. Assuming that the Alabama Supreme Court determines that a cause of action exists, or if this court applies *Chipser, supra,* and assumes a cause of action exists, there is no doubt that Alabama choice of law rules apply. *See Day & Zimmerman, Inc. v. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975) (choice of law rules applied by federal courts are the rules of the state where the federal court sits). Under Alabama choice of law rules, the validity of a contract that conveys property located in another state is governed by the law of the state where the property is located. *See Roberts v. Norrell,* 212 F.Supp. 897 (N.D. Ala.1963) (validity of conveyance of chattel is controlled by law of state where chattel is situated at time of transfer). Under Alabama law, Louisiana, Texas, and New Mexico law would govern this action if this court decided the merits.

If Louisiana and Texas law is applied, more problems arise because apparently these states consider actions to set aside alleged fraudulent conveyances of land local. *See Palmer v. Spencer,* 256 So.2d 766 (La.1972); *Mullins v. McDowell,* 142 S.W.2d 699 (Tex.Civ.App.1940). Thus, even if Alabama law permits this action to proceed, there appears to be serious questions concerning whether the substantive law used to decide this action would permit this court to render a binding decision on the merits because the public policy of Louisiana and

Texas, similar to the current public policy of Alabama, appear to require such actions to be decided by a court with territorial jurisdiction over the real property involved.

Plaintiff has argued that transfer of this case would present the risk of inconsistent judgments. Without transfer, however, this same risk is present, because this court would be applying three different standards under Alabama choice of law rules. Further, there is the risk that an appellate court might determine, without there being presently clear Alabama law on the subject, that a trial in this court was for naught. Transfer to any one court with territorial jurisdiction over the property involved, however, would likely allow ancillary jurisdiction over the claims to property located in other states. *See* Fed.R.Civ.P. 18; *see also, Kinder v. Scharff,* 125 La. 594, 51 So. 654 (1910) (Louisiana court can annul contract concerning Texas real property).[2]

■ Even though this court has determined that under current law, the best course of action for this court is to transfer this action to a court with territorial jurisdiction, this court feels that there is merit in plaintiff's request for certification to the Alabama Supreme Court. This court has decided to conditionally grant plaintiff's request. At least one question for certification should be, in substance: Does Alabama law recognize a cause of action to set aside an allegedly fraudulent conveyance, which occurred within the state, of real property located outside the state? The certification request should also encompass a question as to what choice of law rules are to be applied if Alabama does recognize such a cause.

As a condition to granting plaintiff's request, this court will require that plaintiff

---

**2.** Plaintiff should be aware that a trial in this court apparently would require plaintiff to comply with Louisiana, Texas, and New Mexico law concerning the filing of local notices of actions involving real property, *see* 28 U.S.C. § 1964, and the recordation and registration of judgment liens, *see* 28 U.S.C. § 1962. Additionally, if this court were to decide the merits of this action in favor of plaintiff, and plaintiff attempted to levy on the real property involved by registering this court's judgment pursuant

to 28 U.S.C. § 1963, in a federal district court with territorial jurisdiction, plaintiff might have to relitigate the issue of this court's jurisdiction to render a binding judgment. *See United States for use of Hi-Way Electric Co. v. Home Indemnity Co.,* 549 F.2d 10 (7th Cir.1977) (although exact authority of court of registration has not been determined, authority is more than ministerial and no reported decision has held that court is powerless to grant relief against registered judgment).

file its motion requesting certification, and submit to this court all documents required by Ala.R.Civ.P. 18 within ten (10) days of the date of the accompanying order. If plaintiff fails to submit such documents within the required time, or if the Supreme Court of Alabama declines to respond to said certification, this court will transfer this action to a federal district court with territorial jurisdiction over at least some of the properties involved in this action.

An order in conformity with this Memorandum Opinion will be contemporaneously entered herewith.